## THE STATE, GEORGE J. McEWAN, PROSECUTOR, v. THE TOWN OF WEST HOBOKEN.

The twenty-fifth section of the "Act providing for the formation of towns," approved April 24th, 1888 (*Pamph. L.*, *p.* 483), requires the compensation of the members of town councils to be fixed by ordinance, and declares that when the compensation of a member has been so fixed, it shall not be increased or diminished during his term of office. *Held*, that by virtue of this provision a member of town council is not entitled to compensation for his services until such compensation has been fixed by ordinance as required by statute, and that a resolution increasing such compensation after it had been fixed by ordinance was invalid.

On *certiorari*.

Argued at November Term, 1895, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *McEwan & McEwan*.

For the defendant, *Augustus A. Rich*.

The opinion of the court was delivered by

GUMMERE, J. This writ brings up for review a resolution passed by the town council of the town of West Hoboken, on the 1st day of May, 1895, directing the payment to Charles J. Chandless and John R. Muir, members of said body, of $400 each for salaries alleged to be due to them for the fiscal year ending on that day. It is claimed that this resolution is in violation of the statute under which the defendant was incorporated.

The town of West Hoboken was incorporated in April, 1892, under the provisions of an act entitled "An act providing for the formation of towns," approved April 24th, 1888. *Pamph. L., p.* 483. Section 25 of that act declares that the compensation to be paid to members of the town council (and to other officers) shall be fixed by ordinance, and that the compensation of any officer, which shall have been fixed as aforesaid, shall not be increased or diminished during his term of office. *Gen. Stat., p.* 3505, § 87.

Pursuant to the direction contained in this section the town council of West Hoboken, on June 1st, 1892, passed an ordinance which provided, among other things, that the compensation to be paid to its members during the fiscal year beginning May 1st, 1892, and ending May 1st, 1893, should be " $400 per annum, payable annually."

At the town election held in the spring of 1893, Charles J. Chandless and John R. Muir were elected members of council for the two years then next ensuing, their terms of office beginning May 1st, 1893, and ending May 1st, 1895. No salary ordinance was passed by council during the year 1893–94, but the members of that body, including Messrs. Chandless and Muir, were paid the same compensation which was received by the members of the council for the previous year, namely, $400 for the year's service.

On June 27th, 1894, another salary ordinance was passed by council in which the compensation to be paid to members of its body was fixed at $300 per annum for the fiscal year beginning May 1st, 1894, and ending May 1st, 1895. Notwithstanding this latter ordinance, the resolution now under review was passed May 1st, 1895, and its passage is attempted to be justified on the ground that, so far as Messrs. Chandless and Muir are concerned, the ordinance of June 27th, 1894, is inoperative, for the reason that, before its passage, they were entitled to an annual compensation of $400 for their services as members of council, and that the twenty-fifth section of the act under which the town was incorporated,

prohibits the town council from increasing or diminishing such compensation during their terms of office.

This contention, it seems to me, is based upon a misapprehension of the section of the statute referred to. In the first place, it requires council to fix by ordinance the compensation to be paid to its members, and then declares that the compensation of any member, *which has been fixed as aforesaid*, shall not be increased or diminished during his term of office. It is plain, from a reading of this section, that the portion of it which forbids the increasing or diminishing of the compensation to be paid to a member of council, while in office, does not become operative until the council, by ordinance, first fixes such compensation.

When Chandless and Muir became members of council, no ordinance was in existence fixing the compensation which they were entitled to receive, for the ordinance of June 1st, 1892, had expired by its own limitation. Until a new ordinance, therefore, was passed by council, fixing the compensation which its members should receive, they were neither of them entitled to be paid for their services as members of that body. No ordinance was passed fixing such compensation until that of June 27th, 1894, which fixed the salaries of members of council at $300 per annum. This ordinance did not diminish the compensation to which Chandless and Muir had theretofore become entitled under a prior ordinance, and consequently did not violate the provision of section 25 of the act of 1888. On the contrary, it was in direct compliance with its provisions. It was the duty of the council of 1894–95, not finding upon the ordinance-book any ordinance fixing the compensation of its members, to at once pass one, and, when they did so, they fixed, for the first time, the compensation to be paid to these two members of council. The subsequent passage of the resolution under review, being an attempt to increase that compensation, was directly within the inhibition of section 25 of the act under which the town was incorporated, and is therefore void.

The resolution should be set aside, with costs.