BURRIS T. TOMLIN, RELATOR, v. GLASSBORO BOARD OF EDUCATION, RESPONDENT.

Decided November 8, 1923.

**Mandamus — School Teachers Dismissed — Commissioner of Education Order of Reinstatement Not Appealed, but Teacher Not Reinstated—Defendant Claims Right to Deduct Amount Earned in a New Employment.**

On rule to show cause why writ of *mandamus* should not issue.

---

Supreme Court—Tomlin v. Glassboro Board of Education.

---

Before Justices TRENCHARD and PARKER.

For the relator, *Francis J. Smith.*

For the respondent, *John Boyd Avis.*

PER CURIAM.

This is a rule to show cause why a writ of *mandamus* should not issue compelling the respondent to pay the relator his salary as a school teacher. The relator was employed by the respondent in the year 1918 as a teacher in one of the public schools of the respondent and served until September 27th, 1922. The respondent attempted to dismiss him and paid him up to October 6th, 1922. The relator appealed to the state commissioner of education from this action, who determined that the relator be reinstated in his position as teacher, and his salary paid from the date of his dismissal, October 6th, 1922, until the expiration of his contract or as long as the printing course was legally in existence in the Glassboro public schools. This order of the commissioner was never appealed from, but the board refused to reinstate him or to pay his salary, and thereupon this rule was allowed.

The record shows that on February 21st, 1923, the board of education by resolution discontinued the printing course, and for that reason dismissed the relator. What he now claims is that he is entitled under the order of the commissioner of education to be paid his salary from October 6th, 1922, until the expiration of his contract. It also shows that between the two periods the relator obtained employment elsewhere for which he was paid compensation, and the respondents admitting that they are required to obey the order of the commissioner of education, insist that they should be credited with whatever the relator earned during that period, which the record shows was more than his salary as school teacher, and therefore if the respondents are right in their contention that they are entitled to that credit there

would not be anything due the relator. We do not think that the order of the commissioner of education can be set aside in the way the respondent proposes, or that it is entitled to a credit for anything the relator earned by working nights in a Philadelphia newspaper office, for it is not consistent with the unreversed order of the commissioner of education, which stands until reversed. *Board of Education* v. *Decker,* 87 *N. J. L.* 431 (433). Under the order of the commissioner, relator is entitled to be paid his salary until the expiration of his contract, or so long as such printing course is legally in existence in the Glassboro public schools. The record shows that the printing course was legally in existence in the respondent's public schools until February 21st, 1923. By his contract he was to be paid in ten monthly installments at the rate of $150 per month. The counsel have stipulated that the relator was paid what was due to the 6th day of October, 1922, and, in addition thereto, one-fourth of what would be due on account of the next month's installment, which paid the relator until the 14th day of October, 1922, leaving due for salary under the commissioner's order, four months and seven days, amounting to $635, for which the relator is entitled to a peremptory writ of *mandamus,* if the calculation made by the court is disputed by either party an application may be made to the court to have it corrected. A peremptory writ of *mandamus* will issue commanding the respondent to pay to the relator $635 as the balance due on his salary, and also the costs of this proceeding.