THOMAS A. McDONALD, RELATOR, v. THE BOARD OF
    CHOSEN FREEHOLDERS OF THE COUNTY OF HUD-
    SON, DEFENDANT.

Decided January 10, 1924.

**Mandamus—Inclusion in County Budget of Provision for Emer-
gency and Discretionary Appropriations.**

On demurrer to return by defendant to an alternative writ
of *mandamus.*

For the relator-demurrant, *McCarter & English.*

For the defendant, *John J. Fallon.*

PER CURIAM.

The facts of this case are fundamentally the same as were
before the court, between the same parties, in *McDonald* v.
*Board of Chosen Freeholders of the County of Hudson,* 1 *N.
J. Adv. R.* 525, with the single difference that in the case
referred to the ground on which the peremptory writ of *man-
damus* was allowed was based upon the theory that an emerg-
ency had arisen under section 25 of chapter 175, *Pamph. L.*
1919, *p.* 378, entitled "An act concerning municipal and
county finances, approved March 28th, 1917, as amended by
an act approved March 4th, 1918," and that thereunder the
board of freeholders was obligated to make provisions for the
payment of salaries, &c., forthwith—that its duty in that
respect was mandatory, but on appeal to the Court of Errors
and Appeals, reported in 1 *N. J. Adv. Rep.* (*No.* 41)
1426, that tribunal rejected the theory of the Supreme
Court that the duty imposed on the board of freeholders was
a mandatory one and held that it was discretionary, and the
opinion concludes (at *p.* 1430) as follows: "We conclude,
therefore, that the action contemplated by section 25 is dis-
cretionary and not mandatory, and no other lawful method of

raising the needed funds short of their inclusion in the next budget being pointed out, the award of the peremptory writ in the form stated was erroneous, and the judgment under review must be reversed."

What the relator now seeks is to direct the board of freeholders to provide in the county budget of 1924, for the fiscal year beginning January 1st, 1924, salaries and compensation for the relator and those appointed by him from March 28th, 1923, to December 31st, 1923, and as certified to the treasurer of Hudson county, and salaries and compensation for the relator and those appointed by him the sum of $112,200, being the amount of moneys estimated by the relator as being by him deemed necessary to carry on the work of the office of the superintendent of elections for Hudson county for the fiscal year commencing January 1st, 1924.

An alternative writ was allowed to which the defendant made a return, which as amended admits the truth of the principal and essential satements as set forth in the writ, accompanied by the averment that chapter 9 of the laws of 1923 is claimed by defendant to be unconstitutional. It admits that it has refused to order the treasurer of the county of Hudson to make payment of salary and compensation to the relator and his employes referred to in the writ, and that it has refused to include in the annual "county budget" for the fiscal year beginning January 1st, 1924, the sums of money claimed by the relator as being necessary to carry on the work of the office of superintendent of elections of the county of Hudson, and that the reason of its refusal is the claim that the legislative act under which the relator and his said employes are appointed and said to be acting is unconstitutional.

The defendant further avers that it is not authorized or required by law to appropriate moneys in the "county budget" for the fiscal year beginning January 1st, 1924, for the payment of salary or compensation claimed by the relator in the writ for services alleged to have been performed during the fiscal year beginning January 1, 1923.

The return further sets forth that the writ is misdirected, in that it should have been directed to the county treasurer of Hudson county.

And, lastly, that (*Pamph. L.* 1923) chapter 9, as amended, is unconstitutional.

To this return the relator filed a demurrer.

1. For the defendant it is contended that the writ is misdirected, in that it is directed to the board of freeholders of Hudson county, whereas it should have been directed to the "county treasurer."

There is no merit in this contention. The writ of *mandamus* must be directed to the person or corporation who is to execute it by doing the act commanded. *Freeholders of Mercer* v. *Pennsylvania Railroad Co.,* 41 *N. J. L.* 252.

The duty of making up the county budget devolved upon the board of freeholders, therefore the writ was properly directed to it.

2. It is further contended that for the moneys due the relator and his appointees for services performed during the year 1923 no duty rests upon the board of freeholders to include such sums of money in the county budget of 1924, forasmuch, if the relator and his appointees have a valid claim against the defendant, they are obligated to commence an action at law therefor, and if a judgment be entered in such action against the county of Hudson, such judgment may be satisfied by moneys derived through the issuance of an "emergency bond" or "emergency note" by the defendant under the authority of section 25 of said Budget act, as amended. *Pamph. L.* 1919, *ch.* 178.

A careful reading of section 25 will make clear that the situation of the present case does not fall within any of the conditions set out in section 25 requiring the circulatory proceeding contended for by defendant, especially as it is admitted that the services were performed and the amounts due as claimed by the relator, and payment is resisted upon the ground that the act on which the claims are founded is unconstitutional.

Supreme Court—McDonald v. Freeholders of Hudson Co.

3. The further contention is, that the act which gives rise to the claims made by the relator is unconstitutional.

We have nothing further to add to what was said by us on the subject in *McDonald* v. *Board of Freeholders of Hudson County,* 1 *N. J. Adv. R.* 525.

This disposes of all the questions properly raised and argued under the issue presented by the demurrer to the return.

If it becomes necessary to mould the pleadings in order that an appeal may be taken to the Court of Errors and Appeals, such leave is granted.

The demurrer is sustained and judgment is given for the relator, with costs, and a peremptory writ of *mandamus* is allowed.