VERNON SHIBLA, PROSECUTOR-RESPONDENT, v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF WALL, IN THE COUNTY OF MONMOUTH, DEFENDANT-APPELLANT.

Submitted May 28, 1948—Decided September 3, 1948.

For the prosecutor-respondent, *Parsons, Labrecque, Canzona & Combs* (*Theodore D. Parsons, Theodore J. Labrecque* and *Thomas L. Hanson*).

For the defendant-appellant, *Allon V. Evans* and *Elvin R. Simmill*.

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The appeal is from a judgment in the Supreme Court, whose opinion is reported in 136 *N. J. L.* 506, rendered in a *certiorari* proceeding wherein Vernon Shibla, the prosecutor of the writ and a police officer of the Township of Wall, was absolved of the charges of misconduct upon which the Township Committee had tried, convicted and dismissed him and was held entitled to the protection of the War Veterans and Police Tenure of Office Acts, *R. S.* 38:16–1 and *R. S.* 40:47–6. The facts are stated in the Supreme Court opinion and need not be repeated here.

Four of the five points presented on appellant's brief are to the effect that the Supreme Court erred in making its own independent determination and appraisal of the facts and in coming to the conclusions which it did with respect to the facts. The Supreme Court not only has authority, but is under direction, to determine disputed questions of fact on writs of *certiorari* reviewing the suspension or dismissal of a person holding a state, county or municipal office or position from which he is removable only for cause and after trial. *R. S.* 2:81–8; *Stegman* v. *Civil Service Commission,* 14 *N. J. Mis. R.* 126; *affirmed,* 117 *N. J. L.* 422. Where the judgment of the Supreme Court in *certiorari* is supported by a substantial basis of testimony, the Court of Errors and Appeals will not review the facts. *Kohn* v. *Tilt,* 103 *Id.* 110; *Ford Motor Co.* v. *Fernandez,* 114 *Id.* 202. There was substantial evidence in the present case to sustain the factual findings of the Supreme Court.

The remaining point is that Shibla was not entitled to the protection of the War Veterans and Police Tenure Acts. It was held *contra* in the Supreme Court opinion upon findings that the prosecutor was (1) a *de jure* officer or (2) at least a *de facto* officer. We reserve decision on the status of Shibla as a *de jure* officer. We agree, however, that he was at least a *de facto* officer and that as such he was entitled to the protection of the tenure acts against removal for misconduct except upon charges and hearing; and that if his ouster is

sought by reason of illegality of appointment, the procedure should be by *quo warranto*. *Marner* v. *Yore, 75 N. J. L.* 198.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DONGES, COLIE, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 12.

*For reversal*—None.