7 N.J. Super. 63 (1950)
71 A.2d 892
MICHAEL A. SAGARESE, PLAINTIFF-APPELLANT,
v.
CIVIL SERVICE COMMISSION OF NEW JERSEY AND THE BOARD OF HEALTH OF THE TOWN OF MORRISTOWN, NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 30, 1950.
Decided March 21, 1950.
*64 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Samuel A. Larner argued the cause for appellant (Messrs. Budd & Larner, attorneys).
Mr. Oliver K. Day argued the cause for respondent Board of Health of the Town of Morristown, New Jersey.
Mr. John W. Griggs argued the cause for respondent Civil Service Commission of New Jersey (Mr. Theodore D. Parsons, Attorney General of the State of New Jersey, attorney).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The plaintiff appeals from an order of the Civil Service Commission which affirmed the action of the Board of Health of the Town of Morristown in dismissing him from the position of part-time plumbing inspector.
Plaintiff was appointed plumbing inspector on July 1, 1947, and his salary at the time of his dismissal was $1,200 per year. He was required, by notice of hearing and charges, to appear before the Board of Health on March 30, 1949, "to answer to the following charges of conduct unbecoming an officer of the said Board:
"1. On or about the 14th day of February, 1949, you appeared before the Mayor and Board of Aldermen of the Town of Morristown and did there and then falsely accuse the Board of Health of the Town of Morristown of sneaking through a resolution, at a meeting of said Board held on January 26th, 1949, increasing the range of the salaries of the Health Officer and Senior Clerk of the said Board of Health.
"2. At a meeting of this Board held on February 16, 1949, you were asked by Dr. Van if you had made the above statement to the said Board of Aldermen, to which you replied `I did.' When told by Dr. Van (substantiated by all the members of this Board) that the statement was untrue and that you owed this Board an apology, you refused so to do and again asserted that the statement was true.
*65 "3. On February 28th, 1949, you again appeared before the said Board of Aldermen and told the said Board that the budget of the said Board of Health for the year 1949 was `a shoot the works budget,' `a cut throat budget' and `a lousy budget,' and that the said Board of Aldermen should investigate the Board of Health aforesaid for 1947 and 1948."
At the conclusion of the hearing, the Board found that "the aforesaid charges were proved and substantiated by impartial witnesses" and the appellant was discharged. He appealed to the Civil Service Commission, which conducted a hearing on May 5, 1949, after which the Commission found that the charges had been established and the appeal was dismissed.
It is conceded that plaintiff, as a veteran, is entitled to the protection given by R.S. 38:16-1, and, as a result, he was entitled to hold his position during good behavior and could not be removed, "except for good cause shown after a fair and impartial hearing." It is also conceded that the plaintiff always carried out his duties as plumbing inspector in a satisfactory manner.
The plaintiff attended the Board of Health meeting held January 26, 1949. Later, he attended a meeting of the Mayor and Aldermen of Morristown, held February 14, 1949, during which a resolution of the Board of Health of January 26th was read. This resolution recommended an increase of salary for the health officer and senior clerk of the Board of Health. Before the close of this meeting the Mayor, following the usual custom, asked if any citizens desired to be heard, and plaintiff addressed the Board of Aldermen criticizing the Board of Health resolution of January 26th as being unfair to him in omitting an increase in his salary, and stating that the resolution was "sneaked through" at the Board of Health meeting.
On February 16, 1949, at a meeting of the Board of Health, a member of the Board, Dr. Van-Wiemogly, called the attention of the plaintiff to the remarks plaintiff had made at the Board of Aldermen meeting on February 14, 1949, and requested the plaintiff to apologize to the Board. The president of the Board told the plaintiff that the resolution was proposed, was read, was part of the minutes, and was reported in *66 the newspapers. The plaintiff admitted making the remarks, but insisted that the resolution was not read at the Board of Health meeting on January 26th and that it was "sneaked through." Thereafter, the plaintiff attended a meeting of the Mayor and Board of Aldermen on February 28, 1949, at which the budget for the Board of Health for 1949 was considered. Again, when the Mayor asked if any citizens desired to be heard, the plaintiff addressed the Board of Aldermen, criticizing the Board of Health budget for 1949 in that it failed to include a raise for him and that particular increases therein were not justified. Among his comments were that the budget was "a shoot-the-works budget," "a cut-throat budget," and "a lousy budget," and he urged the Board of Aldermen to investigate the Board of Health budgets for the years 1947 and 1948.
The first charge is that he "falsely" accused the Board of Health of "sneaking through" the resolution of January 26, 1949. The secretary of the Board of Health, when asked to refer to the minutes of the Board and tell when the resolution increasing the salary of the health officer and senior clerk was passed, testified it was passed on February 16, 1949. We find no satisfactory proof that any resolution concerning such increases was duly adopted on January 26th and consequently no satisfactory proof of the falsity of this accusation. We conclude that the Commission erred in upholding this charge.
The second charge falls with the fall of the first charge.
The third charge cannot support the dismissal. We believe that great latitude is allowed all citizens in discussion of the budget of a public body which expends the taxpayers' money. We know of no rule or reason for depriving a citizen of this right to comment and criticize merely because he happens to be a public employee. While the language used by the plaintiff at the hearing is not in the best taste, we cannot, in applying the statutory policy, hold him to a standard of conduct or accountability not in keeping with his knowledge and usual responsibilities as a plumbing inspector. Shibla v. Wall Township, 136 N.J.L. 506 (Sup. Ct. 1948), affirmed, 137 N.J.L. 692 (E. & A. 1948).
The judgment is reversed.