31 N.J. Super. 526 (1954)
107 A.2d 351
MICHAEL A. SAGARESE, PLAINTIFF,
v.
BOARD OF HEALTH OF THE TOWN OF MORRISTOWN, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 30, 1954.
*528 Messrs. Moser & Griffin, attorneys for plaintiff (Mr. Russell T. Kerby, Jr., appearing).
Messrs. Mills & Mills, attorneys for defendant (Mr. Elden Mills, appearing).
HALL, J.S.C.
This is an action in lieu of prerogative writ by which plaintiff seeks a judgment compelling defendant to adopt an ordinance fixing his compensation as plumbing inspector, retroactively, for the years 1947 through 1953.
The pretrial order determines that the case shall be decided on the pleadings and facts stipulated in the order, and also that the court may consider the pleadings filed in an action for money damages pending in this court between the same parties, of which this suit is an outgrowth. The facts not being in dispute, solely a question of law is involved.
Plaintiff was appointed to the position of plumbing inspector by defendant on June 25, 1947, and commenced his duties on July 1, 1947. He has performed the duties of the position down to December 3, 1953, when he was dismissed, except for the period between March 30, 1949 and April 30, 1950 following an earlier dismissal which was held unlawful and reinstatement directed after court action. See Sagarese v. Civil Service Commission of New Jersey, 7 N.J. Super. 63 (App. Div. 1950).
A municipal board of health is given power by statute to employ plumbing inspectors and other employees and fix the duties and compensation of the appointee. R.S. 26:3-19, as amended. The compensation can be fixed only by ordinance of the board. R.S. 40:46-23, as amended L. 1948, c. 282; R.S. 40:46-25; R.S. 40:42-2. An appointee of a board of health cannot recover salary fixed by resolution. Howard v. Mayor and Board of Finance of City of Paterson, 6 N.J. 373 (1951).
*529 The Morristown Board of Health has never passed an ordinance fixing the plaintiff's compensation. It has determined the amount by other means as to the years in question. In December, 1952, plaintiff instituted the aforementioned pending action against defendant and The Mayor and Board of Aldermen of the Town of Morristown seeking, among other things, to recover compensation for his services for the period from July 1, 1947 to December 1, 1952 in addition to that which he had been paid. In his complaint he relied, as to the period from January 1, 1949 to December 1, 1952, upon an ordinance adopted by the town in 1949 covering salaries of all officers and employees of the town in which the salary range for the position of plumbing inspector was established. The town moved to dismiss the complaint as to it, which motion was granted and the action affirmed on appeal on the ground that the mayor and board of aldermen had no power to fix the salary of an appointee of the board of health. Sagarese v. Board of Health of Town of Morristown, 27 N.J. Super. 400 (App. Div. 1953). The institution of the action sub judice followed, it being, in effect, an attempt to aid the pending suit to recover additional compensation. Defendant contends, as its principal defense, that a court has no power to compel the passage of a salary ordinance which is retroactive in effect, although it concedes the power to order the adoption of a prospective ordinance. See 4 McQuillan, Municipal Corporations 17 (3rd ed., 1949). The latter relief is not asked for here.
Plaintiff's action asks for a judgment in lieu of mandamus. It was axiomatic under our former practice that mandamus would not lie unless the right to the writ was clear and certain both in fact and in law. Eastern Boulevard Corporation v. Board of Commissioners of Town of West New York, 124 N.J.L. 345 (Sup. Ct. 1940). The writ was an extraordinary remedial process to compel the performance of a specific act or duty; and its issuance ordinarily involved the exercise of a sound discretion. Beronio v. Pension Commission of City of Hoboken, 130 N.J.L. 620 (E. & A. 1943). The criteria *530 are the same under our new practice. Gallena v. Scott, 11 N.J. 231, 238 (1953).
Both counsel state in their briefs that they have been unable to find any precedent on the precise point in issue. It is, of course, a well-established rule that statutes are to be given a prospective and not a retroactive effect unless there are words contained in the law clearly expressing a contrary intention. The principle ought specially to be adhered to where a retrospective construction or application will alter the pre-existing situation of the parties. Regan v. State Board of Education, 109 N.J.L. 1, 5 (Sup. Ct. 1932), affirmed 112 N.J.L. 196 (E. & A. 1934). The rule is applicable to the cited statutory sections empowering a governing body to fix, by ordinance, the compensation "to be paid" to each officer and employee and to municipal action taken thereunder. McDonald v. Board of Chosen Freeholders, N.J., 125 A. 378 (Sup. Ct. 1924), not officially reported, affirmed 99 N.J.L. 393 (E. & A. 1924) and Tomlin v. Glassboro Board of Education, 1 N.J. Misc. 568 (Sup. Ct. 1923), cited by plaintiff, are not in point, since they upheld the right to mandamus to compel the payment of back salaries where the right to the amount of compensation claimed had been previously established by legislation or court decision. It is also significant to note that for many years the method generally used to correct situations where municipal salaries have been improperly fixed and paid by resolution instead of by ordinance has been a legislative validating act. See Howard v. Mayor and Board of Finance of City of Paterson, supra, 6 N.J. at page 378. I therefore conclude that plaintiff has not established, under the circumstances present, a clear and certain right in law to the relief sought.
Moreover, it is also basic in the law of municipal corporations that "one accepting a public office or position is presumed to do so with full knowledge of the law as to salary, compensation or fees; and all limitations prescribed must be strictly observed. There is no such relation between the city and the officers which it is required by law to elect or *531 appoint as will oblige it to make compensation to them for their official services unless provision is made therefor by law, ordinance or contract." 4 McQuillan, op. cit., at p. 7. The relation between a public employee or officeholder and his employer is not ipso facto contractual in character and there is no property right in the office or position. Adams v. Mayor and Common Council of City of Plainfield, 109 N.J.L. 282 (Sup. Ct. 1932), affirmed 110 N.J.L. 377 (E. & A. 1933). Our courts have clearly held that where compensation is legislatively directed to be fixed by ordinance and no such ordinance has been passed, the officer or appointee is not entitled to be paid for the services which he rendered. McEwan v. Town of West Hoboken, 58 N.J.L. 512 (Sup. Ct. 1896). Cf. Jersey City v. Department of Civil Service, 7 N.J. 509, 524-525 (1951). See 4 McQuillan, op. cit., at p. 8. Here plaintiff is charged with knowledge that there was no ordinance fixing his compensation at the time he accepted the appointment and that the ordinance adopted by the town in 1949 was illegal and ineffective as to him. He cannot now be heard to complain, certainly in the manner urged in this suit.
It should also be observed that, even if plaintiff could show a clear and certain right in law to the relief here sought, he might well gain nothing thereby. The court could not direct at what figure plaintiff's salary should be fixed by any retroactive ordinance. 4 McQuillan, op. cit., at p. 18. The board could, in the exercise of its discretion, establish it for the past years at the same amounts which he was actually paid, or even at a lesser sum. Mandamus, or a judgment in lieu thereof, will not issue to compel the doing of an idle act. Beronio v. Pension Commission of City of Hoboken, supra; Gallena v. Scott, supra.
Perhaps it is not inappropriate to suggest that defendant might well consider the adoption of a prospective ordinance establishing salaries for all of its appointees and employees.
Judgment for defendant.