84 N.J. Super. 242 (1964)
201 A.2d 586
THE CITY OF EAST ORANGE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
BOARD OF CHOSEN FREEHOLDERS, COUNTY OF ESSEX, STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided June 11, 1964.
*244 Mr. William L. Brach for plaintiff (Mr. William L. Brach, attorney).
Mr. Daniel Lubetkin for defendant (Mr. Nicholas T. Fernicola, attorney; Mr. Fernicola on the brief).
BARRETT, J.C.C.
Plaintiff sues defendant to recover some $5,200 in interest allegedly due as a result of the asserted failure of defendant to pay promptly the sum of $85,000, which the parties agreed would be the purchase price for the sale of two parcels of land of the East Orange Water Reserve.
The matter is before the court on cross-motions for summary judgment in accordance with a written stipulation of facts entered into by the parties. This stipulation makes unnecessary a detailed recital of what transpired, although a brief summary is in order.
In the summer of 1961 the Board of Water Commissioners of the City of East Orange (board) agreed to accept a total of $85,000 for the property in question  $70,000 for one portion and $15,000 for the other. In September 1961 the Essex County Right of Way Commission rendered an award in the stipulated amounts. The agreement of the board to the award is evidenced by its resolution of July 26, 1961, stating in part:
"* * * and we hereby agree to execute and deliver a deed satisfactory to said county conveying said premises, free from all encumbrances, to the County of Essex."
*245 It was not until June 1962 that the county engineer forwarded the deeds to the board which, on June 18, 1962, authorized the mayor and city clerk of East Orange to execute the deeds. The execution of the deeds was also authorized in July by the city council of East Orange. In August 1962 the deeds were duly executed by the city and forwarded to the county engineer.
The lands in question were part of a road improvement. Defendant went into possession and commenced construction on or about August 1, 1962.
The stipulation is silent as to anything happening until December 27, 1962, when Lawyers Clinton Title Insurance Co., from whom the county sought title insurance, demanded a quitclaim deed from the board. This demand was made as a result of litigation pending between East Orange and its board. See City of East Orange v. Board of Water Commissioners of City of East Orange, 73 N.J. Super. 440 (Law Div. March 30, 1962), affirmed 40 N.J. 334 (June 13, 1963).
In the trial of City of East Orange v. Board of Water Commissioners of City of East Orange, Judge Giuliano concluded, among other things, that the city council and not the board had exclusive control over the disposition of water reserve lands of the city. In affirming, the Supreme Court held the city and not the board had power to execute instruments conveying interests in the city's water reserve lands, which brought this issue to a final disposition on June 13, 1962.
Coming back to the case at bar, matters proceeded in a leisurely fashion after Lawyers Clinton demanded the quitclaim deed. There was no pressure from the city.
After correspondence in April 1963 between the county and the city quitclaim deeds from the board were forwarded by the board to the county. Certain changes and additions were sought by the county and the quitclaim deeds, as modified, were on June 21, 1963 returned duly executed to the county, together with appropriate resolutions of the board. After the execution of vouchers, a check in the amount of $85,000 was on August 13, 1963 forwarded to the city counsel of East *246 Orange. It was made payable to the city of East Orange or the board of water commissioners of the city. In a letter dealing with the vouchers dated July 15, 1963, Essex County Counsel Fernicola said to the city counsel of East Orange:
"It is understood that this payment of purchase price is not to prejudice your claim in any way that the City of East Orange is entitled to the payment of interest."
Plaintiff contends it is entitled to interest at 6% on $85,000 from the date of the delivery of the original city-executed deeds to the county, made on August 2, 1962, to the date of payment, August 13, 1963.
Defendant's acquiring of this unimproved watershed property is based on N.J.S.A. 27:16-54 which provides for a right of way commission to examine and make awards for real estate to be taken for county roads and highway purposes. Such a commission on September 28, 1961 had approved the stipulated figure of $85,000.
Plaintiff's principal argument for the payment of interest is based on the contention that N.J.S.A. 27:16-65 is dispositive of the case. Under certain circumstances this section of the statute provides for payment into court to stop the running of interest. The pertinent part reads as follows:
"If an uncertainty exists as to who is entitled to the amount awarded, or if the board of chosen freeholders is unable to tender the award by reason of the incapacity or absence of any person entitled thereto, or if there exists an unsatisfied lien upon the property to be taken, or any person refuses to receive the award, or an appeal from the award is taken, it may be paid into the Superior Court and shall be distributed to the person entitled thereto according to law. Payment into the Superior Court shall operate to stop the running of interest upon an award thereafter made to the amount of the deposit."
I am of the view that this provision is not controlling. I cannot read into it a general obligation to pay interest under the circumstances of this case. The payment into court therein provided operates to stop the running of interest upon the award thereafter made to the amount of the deposit. *247 In other words, this provision deals with a situation where the amount of an award is deemed insufficient by the property owner and he seeks a higher sum. The original award may be paid into court by the county and then, if ultimately there is a higher award, interest would be allowed on the excess over the deposit. The propriety of the original award is by the next paragraph of this section of the statute to be decided by the Superior Court in accordance with chapter 1 of the Title 20 "Eminent Domain."
True, in the case at bar the county may have been uncertain as to who was entitled to the amount of the original award, but this problem was not the factor which brought about the delay in payment. Payment could always have been made by the county to the City of East Orange or to the board. In fact, the payment when ultimately made was by check drawn in just this fashion. The check was accepted by plaintiff.
The delay in payment was because of the pending litigation between plaintiff and its own board of water commissioners. Until the Supreme Court finally spoke on June 13, 1963 there was, to say the least, some color of question as to which entity should give the deed. This was so even though the trial court had adopted the city's views.
It may well be that in the ordinary adversary condemnation case interest would run from the date of taking of possession, but this was not the ordinary adversary condemnation case. The parties hereto had negotiated an agreement for $85,000 for the two parcels. Significantly, in the acceptance letter of July 26, 1961, signed by the board, they agreed:
"* * * to execute and deliver a deed satisfactory to said County conveying said premises, free from all encumbrances." (Emphasis added)
Admittedly, this resolution was not the resolution of plaintiff's city council, but it is entirely clear that plaintiff fully adopted and abided by the resolution, for it executed the original deed and it took the $85,000.
*248 Defendant found itself in the position where, with some justification, the title company would not insure the title without quitclaim deeds from the board. It asked for these deeds and, in due course and after some modification, such deeds were delivered to defendant. Despite the litigation between themselves, the board and plaintiff were in obvious accord as to the propriety of the transfer to defendant of this watershed property for $85,000. Basically, there was a mere delay in closing.
If such a delay had occurred between private parties it would be hard to find a basis for assessing interest. Perhaps if the situation arose between private parties and there was a demand for payment at some time with a refusal, the court could award interest from the date of the demand, but the equities of the situation would have to be considered.
In this connection, a strong equity runs in favor of a party who is entitled to receive a deed satisfactory to him and who has not received such a deed. The county here was entitled to receive deeds "satisfactory to it," and as soon as it did receive such deeds, to wit, the quitclaim deeds, it promptly made the payment.
Defendant here is not a private party. In Consolidated Police and Firemen's Pension Fund Commission v. City of Passaic, 23 N.J. 645 (1957), the rule governing the withholding of funds by a governmental agency is laid down in this language:
"It has been held that interest is payable as damages for the improper withholding of funds by a governmental agency only when provided for by statute. Brophy v. Prudential Insurance Co., of America, 271 N.Y. 644, 3 N.E.2d 464 (Ct. App. 1936). But a legislative purpose to allow interest on a particular obligation, either absolutely or in the exercise of a sound discretion, may be found in the nature of the burden imposed and the relative equities between the beneficiaries and those upon whom the obligation has been laid; and in the federal jurisdiction these relative equities are generally weighed `in accordance with the historic judicial principle that one for whose financial advantage an obligation was assumed or imposed, and who has suffered actual money damages by another's breach of that obligation, should be fairly compensated for the loss thereby *249 sustained.' Rodgers v. United States, 332 U.S. 371, 68 S.Ct. 5 (at p. 654) 92 L.Ed. 3 (1947)."
I know of no statutory obligation upon defendant to pay interest under the circumstances here set forth. In this connection I have already dealt with N.J.S.A. 27:16-65, holding it not applicable.
Plaintiff, in its reply brief, argues that N.J.S.A. 20:1-13, which provides for an action to recover the amount awarded with interest and costs when the amount awarded has not been paid, applies to the present set of facts. This statute, to my mind, does not apply to a taking by agreement under a separate statute, N.J.S.A. 27:16-54. In fact, N.J.S.A. 20:1-13 is applicable only when no agreement can be reached between the owner of the property and the condemnation authority. See R.S. 20:1-1.
We are left, then, to determine whether interest is allowable in the exercise of a sound discretion and considering the equities.
Consolidated Police, supra, does not, of course, involve a condemnation situation, but the rule as to considering the equities applies equally to condemnation cases. In New Jersey Highway Authority v. Ellis, 24 N.J. 1, 7 (1957), a condemnation case, there appears this language:
"Whether interest must be paid on the value of land taken in a condemnation proceeding constitutionally depends on whether there is a lapse of time between the date of the actual taking of the property and the tender of or payment of the value of the property so taken. That amount of interest and when it should be paid in turn depends on specific provisions with respect to interest in a statute or where there is no such provision then on general equitable principles." (Emphasis added)
The tendency of the courts has been to break away from hard and fast rules and to charge and allow interest in accordance with the principles of equity in order to accomplish justice in each particular case. Jardine Estates, Inc. v. Donna Brook Corp., 42 N.J. Super. 332, 340 (App. Div. 1956); Agnew Co. v. Paterson Board of Education, 83 N.J. Eq. 49, *250 67 (Ch. 1914); Jersey City Sewerage Authority v. Housing, etc., Jersey City, 70 N.J. Super. 576, 584 (Law Div. 1961).
Were the litigants here private parties, I would not consider the equities would warrant me in awarding interest. A fortiori, since defendant is a governmental body against whom interest would not generally be allowable, I conclude that there should be no interest in this case. This view is fortified by the fact that plaintiff was not at the time of the taking of possession by defendant receiving any revenue from this watershed land. It was, of necessity, undeveloped property. To give plaintiff interest would be to give it a windfall at the expense of another governmental body.
Plaintiff, by amendment to its original complaint, added a count seeking recovery on the theory of use and occupation. It seeks the reasonable use value of the premises from the date of taking possession to the date of payment. Much of what I have said in disposing of plaintiff's claim for interest would apply here, particularly my conclusion that defendant was justified in paying only in accordance with its agreement when it received deeds satisfactory to it. On this ground alone I refuse any recovery of the value of use and occupation.
However, a claim for use and occupation arises out of the relationship of landlord and tenant and cannot be maintained by one who is in possession of land under a sales contract, which is substantially what existed in this case. In Roselle Park B. & L. Ass'n v. Friedlander, 116 N.J.L. 32 (Sup. Ct. 1935), the court said:
"It is the settled rule in this jurisdiction that the action for use and occupation springs out of the relation of landlord and tenant, and is therefore not maintainable when that relationship does not exist. It is a corollary of this that one in possession of lands under a contract of sale and purchase is not liable for the use and occupation thereof." (at pp. 33-34)
The county took possession of the premises after an agreement as to the amount to be paid for it. The agreement *251 was ultimately carried into effect. In such a situation the county cannot be held liable for use and occupation.
Accordingly plaintiff's motion for summary judgment is denied and defendant's cross-motion is granted.
An appropriate order may be submitted.