173 N.J. Super. 466 (1980)
414 A.2d 593
LORRAINE M. FENNIMORE, PLAINTIFF-APPELLANT,
v.
CLEMENTON SEWERAGE AUTHORITY, JOHN HENDERSON, HENRY TKACS, ALLEN JACOBY, RICHARD WOOSTER AND LEONARD STAAB, JOINTLY, SEVERALLY AND/OR IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 15, 1980.
Decided April 29, 1980.
*467 Before Judges LORA, ANTELL and PRESSLER.
Mr. Joseph Asbell argued the cause for the appellant (Joseph Asbell & Associates, attorneys).
*468 Mr. George J. Botcheos argued the cause for the respondents (Messrs. Laskin & Botcheos, attorneys).
The opinion of the court was delivered by PRESSLER, J.A.D.
The primary question raised by this appeal is whether the Local Public Contracts Law, N.J.S.A. 40A:11-1 et seq., applies to the appointment by a sewerage authority of its clerk. We hold that it does not.
The factual context in which this issue arises is undisputed. Defendant Clementon Sewerage Authority (Authority) is a public body politic and corporate created pursuant to N.J.S.A. 40:14A-1 et seq. It is authorized by N.J.S.A. 40:14A-5(e) to "appoint and employ a secretary and such professional and technical advisers and experts and such other officers, agents and employees as it may require, and shall determine their qualifications, terms of office, duties and compensation."
At its organizational meeting of February 1970 the Authority passed a resolution creating the position of clerk and fixing therefore a five-year term, the same term as the statute fixes for the members of the Authority themselves. N.J.S.A. 40:14A-4(a). The February 1970 resolution also appointed plaintiff Lorraine Fennimore to the clerk position. Fennimore's first appointment, by reason of the 1970 resolution, expired on January 31, 1975, and at the February 1975 organizational meeting she was appointed to a second five-year term expiring on January 31, 1980. In November 1976 Fennimore and the Authority entered into a form of written contract fixing her annual salary for the term thereof at $6,975.45, fixing a minimum work week of 30 hours and fixing such other terms and conditions of employment as vacation, sick leave, insurance benefits and the like. While the contract specified that these benefits were to be generally the same as those accorded to Clementon's nonpolice municipal employees, there is nothing in the record to indicate whether the terms and conditions of this contract departed materially from the prior terms and conditions of plaintiff's *469 employment. And while we note further that the contract specified a five-year term, we agree with plaintiff's reading of that provision, namely, that it incorporated and referred to the five-year term which commenced on February 1, 1970.
Despite plaintiff's apparent right to her job for the full period of her five-year term and despite the evident lack of good cause for plaintiff's dismissal, the Authority, at its organizational meeting of February 1979, appointed another to the clerk's position although plaintiff's term still had one more year to run. In so doing the Authority relied on the proposition that the original fixing of the five-year term constituted an ultra vires and void action for the reason that a 1975 amendment to N.J.S.A. 40:14A-7(11), which confers the general contracting power upon the Authority expressly subjects the exercise of that power to the Local Public Contracts Law. The Authority further contended that since N.J.S.A. 40A:11-15, with specified exceptions not here applicable, limits the duration of contracts to one year, the Authority was thereby prohibiting from fixing terms of appointment of its officers and employees for a period in excess of one year. The trial judge agreed with the Authority's interpretation of the relationship between these statutes. We do not.
We note at the outset that there is nothing exceptional in a statute which, like N.J.S.A. 40:14A-5(e), empowers a body politic to fix the term of those officers, agents and employees whose terms are not otherwise fixed by law. See, e.g., N.J.S.A. 40:48-1(3). See, also, Davaillon v. Elizabeth, 121 N.J.L. 380, 383 (Sup.Ct. 1938). And cf. Nolan v. Witkowski, 32 N.J. 426 (1960); DeVita v. Paterson Housing Auth., 17 N.J. 350 (1955). Nor, in view of the New Jersey Employer-Employee Relations Act, N.J.S.A. 34:13A-1 et seq., is there anything exceptional about a body politic and corporate entering into a written contract with its employees. We are, therefore, satisfied that the Authority did not exceed its statutory power in creating the position of *470 clerk, fixing a term therefor which coincided with the term of the Authority members, and entering into a contract with its clerk fixing the terms and conditions of her employment consistent with the appointing resolution.
We are further satisfied that the Local Public Contracts Law does not apply and never was intended to apply to the appointment by a body politic and corporate of those of its officers and agents who are in its regular employ, included in its regular payroll, whose compensation is included and accounted for by its regular wages and salaries budget and whose employment terms and conditions are reduced to formal contract. We are persuaded that this conclusion is dictated not only by common sense but by considerations of statutory structure and policy as well.
Historically, traditionally, and as a matter of continuing currency, the subjects of municipal employment and municipal contracting have been and continue to be separate and distinct headings of municipal law. In the original Revised Statutes the subject of officers and employees was comprehended by N.J.S.A. 40:46-1 et seq., and the subject of contracting by N.J.S.A. 40:50-1 et seq.. Title 40A maintains the discreteness of these two areas of municipal operation, N.J.S.A. 40A:11-1 addressing itself to contracting and N.J.S.A. 40A:9-1 to employment. The latter, of course, is further subject to the provisions and requirements of the New Jersey Employer-Employee Relations Act, supra.
The Sewerage Authority Law, in its structuring also recognizes the distinctness of these areas. Thus, in the general powers section, N.J.S.A. 40:14A-7, subparagraph (10) expressly authorizes the Authority "to do and perform any acts" either "through or by means of its own officers, agents and employees" or "by contracts with any persons." This juxtaposition clearly indicates to us that the reference to the Local Public Contracts Law which appears only in the next subparagraph, N.J.S.A. 40:14A-7(11), is limited in applicability to those contracts which *471 are therein referred to and which by implication include only those contracts which are entered into by the Authority with those who are not on its payroll. We further note that nothing in N.J.S.A. 40:14A-7 in general or N.J.S.A. 40:14A-7(11) in particular purports to address itself to the Authority's relationships with its own employees. Those relationships, as we have noted, are dealt with by N.J.S.A. 40:14A-5(e) and have nothing at all to do with the contracting authorization of N.J.S.A. 40:14A-7(11).
Nor do we perceive anything in the definitional section of the Local Public Contracts Law which would suggest its applicability to the public employer-employee relationship. While N.J.S.A. 40A:11-2(6), (7) and (9) do, respectively, undertake to define "professional services," "extraordinary unspecifiable services" and "work" within the contemplation and comprehension of the Act, none of these definitions warrants a conclusion that it was intended to apply to the employment relationship itself. Finally, were there any doubt remaining, we are satisfied that subjecting public employment contracts to the provisions of the Local Public Contracts Law would constitute in our view a wholly unwarranted and legislatively unintended interference with, if not potential abrogation of, the New Jersey Employer-Employee Relations Act, N.J.S.A. 34:13A-1 et seq., which constitutes the principal legislative statement of policy and provision in respect of public employment contracts as distinguished from third-party contracts. In our view, it is only the latter to which N.J.S.A. 40A:11-1 et seq., is addressed.
Since it is our holding that the Authority's action in fixing a five-year term for its clerk was not ultra vires, the conclusion necessarily follows that plaintiff was improperly removed from that position prior to the expiration of her term. We are not required, therefore, to address plaintiff's alternative argument that her removal was improper because politically motivated. See Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); Branti v. Finkel, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980).
*472 The judgment dismissing the complaint is reversed and we remand to the Law Division for further proceedings consistent herewith. We do not retain jurisdiction.