GEORGE C. McKANN, JR., PROSECUTOR-APPELLANT, v. TOWN OF IRVINGTON, EDWARD D. BALENTINE, DIRECTOR OF PUBLIC SAFETY, ANDREW COLEMAN, AUGUST WALTERS ET AL., RESPONDENTS-RESPONDENTS.

Argued October 16, 1945—Decided January 24, 1946.

For the prosecutor-appellant, *Riker, Marsh & Scherer* (*Irving, Riker*).

For the respondents Town of Irvington and Edward D. Balentine, *John J. Gaffey* and *Herman W. Kurtz*.

For the respondents Andrew Coleman and August Walters, *Charles E. McCraith, Jr.*

PER CURIAM.

The judgment under review is affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Colie in the Supreme Court, supplemented as follows:

The appellant concedes that Ordinance No. 1517, fixing salaries under *R. S.* 40:46–23, was not faulty in that it left a range within which a salary or wage might be moved without the formality of a further ordinance. The Supreme Court acquiesced in that view and, under the facts of the case, we concur. We note, however, that the range within which that movement is left to less formal determination than by ordinance is not so great as to emasculate the ordinance of its salary-fixing force. A salary ordinance must meet its statutory obligation of fixing salaries.

Further, we think that the holding in *Chapman* v. *Edwards*, 124 *N. J. L.* 192, is not relevant to the question of the effectiveness of matter which depends for its force upon being enacted as an ordinance but which has been omitted, except by reference, from the publication of the ordinance. There are circumstances, however, in which such an omission may occur without depriving the omitted matter of its character as an ordinance provision. Such an instance occurred in *Burmore* v. *Smith*, 124 *N. J. L.* 541, and such an instance exists in the present case where the matter omitted from publication, except by reference to its place of filing in a public office, was a mass of tables and classifications comprising thirty-two printed pages, much of it because of its tabular and columnar format ill-designed for newspaper insertion. Parts of an ordinance may not be freely or indiscriminately or usually omitted from the printing. The instances of lawful omission are few, and they concern such data as make publication impracticable. *Cf. State* v. *Morristown*, 34 *Id.* 445, 447.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 11.

*For reversal*—HEHER, PERSKIE, JJ. 2.