EZRA L. NOLAN, PLAINTIFF-RESPONDENT, v. CHARLES
S. WITKOWSKI, *ET ALS.*, DEFENDANTS-APPELLANTS.

Argued April 26, 1960—Decided May 23, 1960.

*Mr. Isadore Glauberman* argued the cause for plaintiff-respondent.

*Mr. Maurice B. McLaughlin* argued the cause for defendants-appellants Bernard J. Berry and James F. Murray, Jr., individually and as Members of the Board of Commissioners of the City of Jersey City.

PER CURIAM. Plaintiff Ezra L. Nolan was appointed Corporation Counsel of Jersey City on May 21, 1957. On May 5, 1959 the majority of the board of commissioners of the city adopted an ordinance terminating his service as of May 18, 1959. The Superior Court, Law Division, adjudged the action invalid and the Appellate Division affirmed. 56 *N. J. Super.* 480 (1959). We granted the application of the City for certification. *Pesin v. Witkowski,* 31 *N. J.* 73 (1959).

Thereafter, apparently as the result of a realignment of the majority of the board of commissioners, the ordinance of May 5, 1959 was repealed and a resolution was adopted declaring an intention to abandon the appeal. Although no further steps were taken by the board to prosecute the appeal, two of the minority members, who had been named originally as defendants both individually and as members of the governing body, insisted upon their right to continue the matter in this court. In that connection certain papers filed in support of their position asserted, without dispute, that they had instituted an additional action in the Law Division attacking the legal propriety of the repealing ordinance. Plaintiff argues that no substantial controversy remains for decision by us. He also urges that the city having withdrawn from the appeal, the two minority members of the board have no authority or standing to proceed with it. The parties have fully briefed and argued the basic legal issue involved and, considering all of the circumstances, we have decided to reserve the question of defendants' standing and to resolve the matter on the merits.

Determination of the case turns on a single legal question, *i. e.,* the length and nature of the term of plaintiff as corporation counsel.

Creation of the law department and appointment of the corporation counsel are governed by *L.* 1920, *c.* 65; *R. S.* 40:171–112, 113, 114. Section 1, *R. S.* 40:171–112, authorizes appointment of such a legal officer by the governing body. No specific term is fixed but section 3, *R. S.*

40:171–114, prescribes that his office "shall become vacant upon the expiration of the term of the governing body appointing him." The only statute now in existence relating in specific language to the length of such designation is *L*. 1885, *c*. 153, § 1, *R. S.* 40:171–48, which provides that in any city where the common council has the power to appoint a city counsel, his term may be fixed at any period not exceeding five years, "and when so appointed [he] shall hold office for the term so fixed." By virtue of *R. S.* 40:72–2 that authority passed to the governing body, *i. e.*, the board of commissioners, of a city (such as Jersey City) operating under the Walsh Act. *Connors v. City of Bayonne*, 36 *N. J. Super.* 390 (*App. Div.* 1955), certification denied 19 *N. J.* 362 (1955).

The two acts, section 3 of *chapter* 65, *L*. 1920, *R. S.* 40:171–114, and section 1 of *chapter* 153, *L*. 1885, *R. S.* 40:171–48, on their face pertain to the same subject matter, although the latter relates to cities generally and the former to cities of the first class, and to the extent that they are consistent they stand together. Thus, since the 1920 law establishes no precise term for the corporation counsel beyond the limitation that it must end with that of the appointing body, and the 1885 law sanctions an appointment up to a maximum of five years, the Board of Commissioners of Jersey City had general authority to designate a specific tenure for the city counsel so long as it did not extend beyond the expiration date of the period for which the board itself was elected to serve, *i. e.*, four years. *R. S.* 40:75–2. Therefore, such an appointment could be made for any term less than, or equal to, but not in excess of that of the board.

The law department of the city was established by ordinance in 1949. It provides for the appointment of a corporation counsel and Section 4 thereof declares that his term *shall* be "co-extensive with that of the Board of Commissioners." The imperative language requires the designation to be in the fashion ordained. Since the 1885 act says that when the appointment is made the person named shall

"hold office for the term so fixed," it follows that he is not subject to removal during that period except for cause.

The Appellate Division did not refer to the 1885 act on which we have predicated our determination. It found internal evidence in *R. S.* 40:171–114 of a legislative intention to fix a mandatory term co-extensive with the life of the governing body. We do not deem resort to implication is necessary because of our view of the pertinency of the 1885 act. The Appellate Division, however, reached the same conclusion with respect to plaintiff's non-removability except for cause.

Accordingly, the judgment is affirmed without costs.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For reversal*—None.