81 N.J. Super. 283 (1963)
195 A.2d 478
PETER ESPINOS, PLAINTIFF-APPELLANT,
v.
THE TOWNSHIP OF MONROE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 4, 1963.
Decided November 22, 1963.
*285 Before Judges GAULKIN, FOLEY and LEWIS.
Mr. William F. McCloskey, Jr. argued the cause for appellant.
Mr. William R. Cohen argued the cause for respondent (Messrs. Cohen, Hoagland & Cohen, attorneys; Mr. John J. Hoagland, of counsel).
The opinion of the court was delivered by FOLEY, J.A.D.
The Law Division granted defendant's motion for a judgment on the pleadings brought on pursuant to R.R. 4:12-3, and entered summary judgment in defendant's favor, R.R. 4:58-2. Plaintiff appeals.
On March 7, 1951 the township, by ordinance, adopted a building code which, in part, provided for the "appointment of a `Building Inspector' who * * * shall receive such salary or fees as the Township Committee may designate." The ordinance fixed fees for permits issued by the building inspector, and provided that all fees collected by him should be transferred monthly to the township.
On March 16, 1951 plaintiff was appointed building inspector and held that office at least until the filing of the present action. At the time of his appointment defendant "agreed" to pay him a salary equivalent to the fees which he collected. The practice thereafter was for plaintiff to remit these fees to defendant and subsequently to submit vouchers to the township for an equal amount, which the defendant then paid to plaintiff.
No ordinance fixing the compensation of the building inspector or setting forth the basis upon which the building inspector was to be paid for his services has ever been adopted by the defendant.
*286 On January 2, 1956 defendant adopted a resolution appointing plaintiff as building inspector for that year and providing that "for the year 1956 the compensation * * * shall be fees received for building permits in accordance with the ordinance of the township." In 1956 plaintiff received permit fees in the total amount of $8,394, remitted such fees to the township, and submitted vouchers in accordance with the existing practice.
Of the fees collected during 1956, $7,520 represented permit fees in the amount of $8 each for the construction of homes in a project known as "Mill Lake Manor." On January 7, 1957 the township committee passed a resolution providing that as compensation to the plaintiff he should receive the amount of building permit fees received by him in 1957, and in addition providing for the payment of the $7,520 received by plaintiff in 1956 on the Mill Lake Manor project, in equal installments of $3,760, payable respectively in 1957 and 1958, but these sums were not paid to plaintiff by the township. He then brought this action to recover $8,394, the total of the fees paid for building permits in 1956.
In granting summary judgment the trial court upheld defendant's contention that in the absence of an ordinance fixing the salary or compensation to be paid, the township had no legal basis for the recognition of plaintiff's claim.
It is well settled that a municipality in the exercise of powers delegated to it by the Legislature to create municipal offices and positions, and to prescribe the compensation and duties appertaining thereto, is required to act through the medium of an ordinance. Davaillon v. City of Elizabeth, 121 N.J.L. 380, 381 (Sup. Ct. 1938). The primary design of R.S. 40:48-1 and N.J.S.A. 40:46-23, which delegate such powers, is to afford the public notice of a proposed exercise of such power, and thus secure conformance with the basic statutory consideration, i.e., the proper and efficient conduct of the affairs of the municipality. Ibid. See also Wagner v. Borough of Lodi, 56 N.J. Super. 204, 211 (App. Div. 1959), certification denied 30 N.J. 599 (1959).
*287 Plaintiff is not in disagreement with the rule as stated, nor with the reasoning which supports it. Indeed, in his brief plaintiff states that the "requirement of a salary ordinance is to give the citizens of the township an opportunity to have notice of the amount of the salary and an opportunity to appear before the governing body of the township to either protest the salary or approve it, since the foundation for all salaries are derived from general tax revenues." (Emphasis added) However, plaintiff argues that his case is distinguishable from the cases cited above, and others to the same effect, in that the arrangement for compensation to be paid to him as building inspector did not comprehend that such payment would be made from general tax revenues but, on the contrary, would be derived from building permit receipts. He offers no authority for this distinction, and we know of none. The source of funds disbursed by a municipality in the proper and efficient conduct of the affairs of the municipality is of no consequence. The point is that they are public funds and when it is proposed that they be used for the payment of salary, the public is entitled to an opportunity to be heard. An ordinance and the attributes of its passage, including a public hearing after publication, are the sole means provided by the Legislature giving effect to this public right.
Plaintiff argues also that the township is estopped from refusing to pay a building inspector who has performed the services specified in an ordinance creating his office. Again no authority is cited in support of this contention. The principle of estoppel in pais is not given the same freedom of application against the public as against private persons. The payment of salary or agreement to pay salary when there is no enabling ordinance exceeds the jurisdiction of the governing body, and hence is void. The doctrine of estoppel has no application in such a situation, as contrasted with one involving merely irregular exercise of basic powers under the legislative grant in matters not in themselves jurisdictional. Compare Summer Cottagers' Ass'n of Cape May v. City of Cape May, 19 N.J. 493, 504 (1955). See also City of East Orange *288 v. Board of Water Com'rs of East Orange, 40 N.J. 334 (1963).
Moreover, as was said in Sagarese v. Board of Health of Morristown, 31 N.J. Super. 526, 530-531 (Law Div. 1954), it is basic in the law of municipal corporations that one accepting a public office or position is presumed to do so with full knowledge of the law as to salary, compensation and fees; and all limitations prescribed must be strictly observed. There is no such relationship between the city and its officers as will oblige it to make compensation to them for their official services, unless provision is made therefor, according to law. The relationship of a public employee or office holder and his employer is not ipso facto contractual in character.
Finally, plaintiff argues that the provisions of R.S. 40:145-12 that
"In addition to the officers to be elected the township committee may appoint and employ a township attorney, a township engineer, a township building inspector, a township physician and a treasurer."
furnish authority to pay him on a fee basis, since such officers "are normally compensated on a fee basis and not paid out of general revenues." This is obviously not so as to a township treasurer. Assuming that it is the normal method by which the others are compensated (although we do not know this to be so), we find nothing in R.S. 40:145-12, supra, which would relieve the township of the obligation to establish by ordinance the basis of payment involved in the case at bar.
Affirm.