164 N.J. Super. 5 (1978)
395 A.2d 538
THOMAS LA FRONZ AND WEEHAWKEN EDUCATION ASSOCIATION, PLAINTIFFS-RESPONDENTS,
v.
WEEHAWKEN BOARD OF EDUCATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 4, 1978.
Decided November 16, 1978.
*6 Before Judges ALLCORN, SEIDMAN and BOTTER.
Mr. LeRoy D. Safro argued the cause for appellant.
Mr. Theodore M. Simon argued the cause for respondents (Messrs. Goldberg & Simon, attorneys; Mr. Louis P. Bucceri on the brief).
A letter in lieu of brief was filed on behalf of the Attorney General, amicus curiae.
*7 PER CURIAM.
Whether the resolutions the validity of which are questioned in this proceeding are treated as having been adopted by the appellant board at its special meeting of June 29, 1976 or at its regularly scheduled meeting of July 13, 1976, we are convinced that they were properly adopted, that their adoption did not violate the Sunshine Law, and that they consequently are valid and operable.
As to the special meeting of June 29, 1976, it is not controverted that adequate notice of the time, place and location of that special meeting was given which complied with the statutory requirements. Moreover, the agenda published for said meeting included among its listed items of business the subject matter "personnel" which, in our view, was good and sufficient notice to cover these resolutions. But, even assuming that such designation was not sufficient for this purpose, the addition of these resolutions to the business encompassed by the published agenda was perfectly proper. Under the provisions of N.J.S.A. 10:4-8(d) a public body is restricted to acting upon business set forth in its published agenda only "to the extent known" by it at the time of publication of the agenda. N.J.S.A. 10:4-8(d). It is manifest from the record that the need for action on the matters in question was not known to the board until the date of the meeting.
With regard to the meeting of July 13, 1976, such meeting was a scheduled regular meeting of the board held pursuant to the annual notice given by said board. N.J.S.A. 10:4-18. As to such a scheduled regular meeting, "no further notice shall be required for such meeting." N.J.S.A. 10:4-8(d). Hence, it was not a prerequisite that the board publish an agenda for that meeting and, despite the circumstance that an agenda may have been prepared and published for said meeting, the addition thereto of these resolutions as supplemental items was not improper. Crifasi v. Oakland Governing Body, 156 N.J. Super. 182 (App. Div. 1978). If "the agenda of the nonregular meetings does not limit the matters to be considered, except to *8 the extent known, it is apparent that an agenda issued prior to a regular meeting does not restrict the scope of that meeting." Crifasi, supra at 186. It also should be noted, in passing, that the item of "personnel" was included among the matters of business listed in the published agenda for said regular meeting.
The single circumstance that these resolutions previously had been set aside because the deliberations concerning them had occurred at a nonpublic meeting preceding the public meeting at which they were first adopted (April 27, 1976), does not by itself and without more invalidate the action taken at the June 29 or the July 13, 1976 meetings. A canvass of the record reveals no impropriety of similar or other nature violative of the Sunshine Law involving any of the resolutions or the action taken thereon with reference to the meeting of June 29 or the meeting of July 13, including the limited discussion of the various matters. The board was faced with critical problems in the areas in which it here acted, of which the plaintiffs were well aware, and we perceive no evidence of bad faith on the part of the Board.
We are not unmindful of the Law Division decisions in Kramer v. Sea Girt Bd. of Adj., 80 N.J. Super. 454 (Law Div. 1963) and Scott v. Bloomfield, 94 N.J. Super. 592 (Law Div. 1967), aff'd on other grounds, 98 N.J. Super. 321 (App. Div. 1967), app. dism., 52 N.J. 473 (1968). In our view, neither is apposite in the circumstances of the case here under review. See, Annotation, "Validity, construction, and application of statutes making public proceedings open to the public," 38 A.L.R.3d 1070 (1971).
It also should be noted that we are here passing on the procedural propriety of the adoption of the resolutions under the provisions of the Sunshine Law; we are not called upon and we do not pass upon the substantive validity of the matters encompassed by each of the various resolutions.
Reversed.