265 N.J. Super. 389 (1993)
627 A.2d 677
MARC LIEBESKIND, PLAINTIFF-APPELLANT-CROSS-RESPONDENT,
v.
THE MAYOR AND MUNICIPAL COUNCIL OF BAYONNE, NEIL A. DESENA, BEN COSTANZA, DONALD X. AHERN AND DENNIS COLLINS, DEFENDANTS-RESPONDENTS-CROSS-APPELLANTS. MARC LIEBESKIND, PLAINTIFF-APPELLANT,
v.
THE MUNICIPAL COUNCIL OF BAYONNE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 15, 1993.
Decided June 23, 1993.
*393 Before Judges PETRELLA, LONG and KEEFE.
Marc Liebeskind, appellant-cross-respondent pro se.
City of Bayonne Law Department, attorneys for respondents-cross-appellants (F. Gerald Fitzpatrick, of counsel; Paul J. Paskey, Assistant City Attorney, on the letter brief).
Arnold Cohen, attorney, amicus curiae (Mr. Cohen, on the letter brief).
The opinion of the court was delivered by LONG, J.A.D.

A-1254-91T5
In this action in lieu of prerogative writs, plaintiff, Marc Liebeskind, alleges that the trial judge erred in formulating remedies for violations of the Open Public Meetings Act ("O.P.M.A."), N.J.S.A. 10:4-6 to -21, by the Municipal Council of Bayonne on June 13, July 1, July 11 and July 25, 1990.
Plaintiff contended at trial that the challenged meetings violated the Act either because they were inadequately noticed, inadequately and tardily documented, or inconveniently timed. He demanded invalidation of an ordinance passed on June 13 which retroactively raised the salaries of certain city officials, including council members, and of all actions taken at the July 1 reorganization meeting. In addition, he demanded that future meetings, including caucuses, be adequately publicized by annual schedule or 48-hour notice, that minutes of future meetings be adequately recorded and timely made available to the public, and that no meetings be held on weekday afternoons.
*394 The trial judge, Judge Dowden, ruled that the meeting of July 1 failed to comply with the O.P.M.A. because there was no 48-hour notice of the revised annual meeting schedule, contrary to N.J.S.A. 10:4-8d, and that the June 13 meeting violated the O.P.M.A. because publication of the minutes was delayed by two months, contrary to N.J.S.A. 10:4-14. He also found that there was inadequate notice of the July 11 and July 25 meetings with respect to which plaintiff did not seek to invalidate any action. He concluded that afternoon meetings are permissible and that caucuses do not qualify as public meetings. He declined to invalidate any council actions based on his finding that there was no bad faith, but only technical noncompliance. He ordered that the council conform in the future to the 48-hour notice requirement by timely submission of meeting notices to newspapers and that copies of final meeting minutes be made available for inspection within two weeks after each meeting and at least three business days before the next meeting.
On appeal, plaintiff contends that the trial judge erred in not voiding the nonconforming actions complained of; in not requiring publication of meeting notices, copies of meeting minutes, and an end to weekday afternoon meetings; and in not allowing plaintiff to amend his complaint. Defendants filed a cross-appeal, arguing that the trial judge erred in ruling that the complaint was timely; and in not relaxing the two-week maximum during the summer months when meetings are monthly rather than fortnightly.
We have carefully reviewed this record in light of these contentions and have concluded that there is no warrant for our intervention. To be sure, the mandates of the O.P.M.A. must be followed by governmental bodies engaging in their public functions. Willful violations of the Act require swift and strong remediation. However, invalidation of public action is an extreme remedy which should be reserved for violations of the basic purposes underlying the Act. AQN Assocs., Inc. v. Township of Florence, 248 N.J. Super. 597, 614-15, 591 A.2d 995 (App.Div.), certif. den. 126 N.J. 385, 599 A.2d 162 (1991). Polillo v. Deane, 74 N.J. 562, 379 A.2d 211 (1977), expressly permits discretion in the *395 fashioning of remedies for technical violations of the Act which do not result from bad faith motives and which do not undermine the fundamental purposes of the O.P.M.A. Here, the trial judge specifically found that the defendants' failure to comply with the Act by inadequate notice and late publication of minutes was not a result of "chicanery" but oversight. Under the circumstances, he was empowered by Polillo to formulate a remedy short of invalidation. The remedy chosen was a thoughtful, carefully crafted response to the problems presented by this record and was calculated to eliminate future O.P.M.A. violations. As such, it is authorized under Polillo and fully supported by the record.
Plaintiff's written motion to amend the complaint was effectively granted as he conceded at argument. His oral application was not made until the bulk of the hearing was completed and its denial was within the trial judge's discretion. Hudson Foam Latex Products, Inc. v. Aiken, 82 N.J. Super. 508, 517, 198 A.2d 136 (App.Div. 1964).
As to the cross-appeal, the effective date for determining the 45 day time bar of N.J.S.A. 10:4-15a and R. 4:69-6(a) is the date of plaintiff's original complaint, July 26, 1990, which was 43 days after June 13, the earliest action complained of. The case was thus timely filed.
The two week maximum rule imposed by the trial judge without relaxation for summer vacation was well within his discretion and, indeed, is the subject of no argument on the cross-appeal.
Affirmed.

A-3162-91T5
In this action, plaintiff, Marc Liebeskind, sought to invalidate an ordinance enacted by the Municipal Council of Bayonne authorizing six-month retroactive salary increases for departmental directors. Plaintiff alleged that the council was without statutory *396 authority to enact the ordinance and that the July 17, 1991 meeting, at which it was enacted, violated the O.P.M.A.
The trial judge, Judge Margulies, granted defendant's motion for summary judgment dismissing the complaint, ruling that the ordinance was authorized by N.J.S.A. 40A:9-165 and that the O.P.M.A. claim was encompassed by the prior litigation in which plaintiff challenged the enactment of a similar ordinance on June 13, 1990. In this appeal, plaintiff contends that the ordinance was ultra vires and without reasonable basis, and that the claims of violation of the O.P.M.A. were not barred by the doctrine of res judicata.
The setting of salaries for municipal officers and employees is generally controlled by N.J.S.A. 40A:9-165, which provides in pertinent part:
The governing body of a municipality, by ordinance, unless otherwise provided by law, shall fix and determine the salaries, wages or compensation to be paid to the officers and employees of the municipality, including the members of the governing body and the mayor or other chief executive, who by law are entitled to salaries, wages, or compensation.
Salaries, wages or compensation fixed and determined by ordinance may, from time to time, be increased, decreased or altered by ordinance.
* * * * * * * *
Where any such ordinance shall provide for increases in salaries, wages or compensation of elective officials or any managerial, executive or confidential employee, the ordinance or that portion thereof which provides an increase for such elective or appointive officials, shall become operative in 20 days after the publication thereof, after final passage, unless within said 20 days, a petition signed by voters of such municipality, equal in number to at least 5% of the registered voters of the municipality, protesting against the passage of such ordinance, be presented to the governing body, in which case such ordinance shall remain inoperative unless and until a proposition for the ratification thereof shall be adopted at an election by a majority of the voters voting on said proposition.
Plaintiff does not dispute that Ordinance No. 0-91-26 was enacted in accordance with this section. He argues, however, that this section is not controlling because Bayonne is a Faulkner Act municipality organized pursuant to Optional Municipal Charter Law. N.J.S.A. 40:69A-1 to -210. Under N.J.S.A. 40:69A-43a, the mayor is to fix the salaries paid to employees of administrative *397 departments, except that the salaries of departmental directors are to be fixed by the council, pursuant to N.J.S.A. 40:69A-180(c). N.J.S.A. 40:69A-180(c) provides that "[t]he compensation of the mayor, council members and department heads shall be fixed by the council immediately after its organization."
Plaintiff interprets N.J.S.A. 40:69A-180(c) to override the provision in N.J.S.A. 40A:9-165 for setting salaries by ordinance because it does not require an ordinance and because it requires action "immediately after" the reorganization. He reasons that ordinance procedure incorporates delay and only a resolution may be enacted "immediately." N.J.S.A. 40:49-1. He also argues that by requiring the compensation of the mayor, council members and department heads to be fixed by the council immediately after its organization, N.J.S.A. 40:69A-180(c) both mandates the setting of salaries at the organizational meeting held every four years and disallows changes at any other time. We disagree.
N.J.S.A. 40:69A-43a prescribes that salaries of officers required to be fixed by ordinance must conform to that methodology. (L. 1985 c. 374, § 9.) In a simultaneous amendment of N.J.S.A. 40A:9-165, the Legislature added the words "unless otherwise provided by law" to the requirement that salaries be set "by ordinance." (L. 1985, c. 374, § 10.) The two sections are complementary. The amendment to N.J.S.A. 40A:9-165 reflects that the requirement that officers' and employees' salaries be fixed by the council by ordinance is applicable except as to the compensation of employees of administrative departments which are to be fixed by the mayor, pursuant to N.J.S.A. 40:69A-43a. The combined effect of these statutes allows the mayor to fix lower-level employee salaries, N.J.S.A. 40:69A-43a, while salaries not fixed by the mayor (department heads, the mayor and council members) are to be fixed by ordinance, pursuant to N.J.S.A. 40A:9-165. The mere statement that the council should fix salaries "immediately after its organization" is not enough to override the otherwise clear mandate of N.J.S.A. 40A:9-165 that an ordinance is needed to fix *398 officer and employee salaries, except the employee salaries fixed by the mayor under N.J.S.A. 40:69A-43a.
We agree with plaintiff that N.J.S.A. 40:69A-180(c) refers to the quadrennial organizational meeting and requires the fixing by the council of the compensation of the mayor, council members and department heads. It is here that we part company from him. In so doing, we hold that the mandate to fix such compensation immediately after the organizational meeting in no way diminishes the right of the council to change that compensation at other times. Changes in compensation, by ordinance, are expressly provided for in N.J.S.A. 40A:9-165. So long as the council acts to fix the compensation initially at the organizational meeting, it may act with respect to compensation thereafter as it sees fit so long as it does so by ordinance. Nothing in the present statutory scheme prohibits a retroactive compensation alteration.[1] We thus affirm the trial judge's ruling that the ordinance was authorized by N.J.S.A. 40A:9-165.
Plaintiff also argues that the enactment of the ordinance was arbitrary and capricious because the minutes of the July 17 meeting were inadequate and misleading and violated N.J.S.A. 10:4-14 which requires the public body to keep "reasonably comprehensible minutes." More particularly, plaintiff urges that a reasonable basis for the ordinance was not set forth in the meeting minutes; the minutes failed to report an oral response to plaintiff's objecting letter, although it was apparently read and such a response was reported in the newspaper; and the minutes falsely noted that no statements against or in favor of the ordinance had *399 been filed with the Clerk and no legal objections were made at the hearing.
The July 17, 1991 meeting minutes reported the following:
The Clerk announced "AN ORDINANCE:"
TO FURTHER AMEND AND SUPPLEMENT AN ORDINANCE ENTITLED, "AN ORDINANCE TO ESTABLISH CERTAIN OFFICES, POSITIONS AND EMPLOYMENT IN THE MUNICIPAL GOVERNMENT OF THE CITY OF BAYONNE AND THE SALARIES THEREFOR; LONGEVITY; PROMOTIONS, AND INCREMENTS, WHERE APPLICABLE," PASSED JANUARY 14, 1976, AS AMENDED AND SUPPLEMENTED. (1991 Director's Salaries) which was introduced and passed a first reading at a meeting held June 12, 1991, was published in the Jersey Journal and posted on the bulletin board as required by law, with notice that it would be further considered for final passage following a public hearing at this meeting of JULY 17, 1991, is now before the Council for its consideration and a public hearing.
Council Member Hogan offered the following resolution, seconded by President Halecky, which was read by the Clerk and adopted.
02. WHEREAS, An Ordinance entitled "AN ORDINANCE TO FURTHER AMEND AND SUPPLEMENT AN ORDINANCE ENTITLED, AN ORDINANCE TO ESTABLISH CERTAIN OFFICES, POSITIONS AND EMPLOYMENT IN THE MUNICIPAL GOVERNMENT OF THE CITY OF BAYONNE AND THE SALARIES THEREFOR; LONGEVITY; PROMOTIONS AND INCREMENTS WHERE APPLICABLE," PASSED JANUARY 14, 1976, AS AMENDED AND SUPPLEMENTED, be given a second reading.
Yeas  Council Members Harrington, Hogan, Lo Re, Makowski and President Halecky.
02a. The Clerk then gave the ordinance a second reading by title; after which he announced in a loud voice: "The Council is now ready to give all persons interested in this ordinance an opportunity to be heard in this matter."
The following persons spoke: Andrew Zakutansky, 189 West 1st Street[;] Lewis Ripps, 876 Kennedy Boulevard[;] Libby Koenstein, 36 West 29th Street[, and] James F. Sisk, Chief of Police.
The Clerk: "No protest against, objections to or statements in favor of the foregoing ordinance or the passage thereof have been filed with me."
Council Member Hogan moved to close the hearing, seconded by President Halecky, which motion was adopted.
Yeas  Council Members Harrington, Hogan, Lo Re, Makowski and President Halecky.
Council Member Hogan moved for final passage, seconded by President Halecky, which motion was adopted.
Yeas  Council Members Harrington, Hogan, Lo Re, Makowski and President Halecky.
*400 Defendant initially defends on the ground that plaintiff's challenge to the adequacy of the minutes in A-1254-91T5 precludes consideration of the same issue here on res judicata, collateral estoppel and entire controversy doctrine grounds. Not so. The ordinance at issue in the earlier case was enacted at a different meeting. Thus, the identical claim was not litigated so as to warrant res judicata preclusion. Velasquez v. Franz, 123 N.J. 498, 589 A.2d 143 (1991). Issue preclusion is likewise inapplicable because only questions distinctly put in issue and directly determined are subject to collateral estoppel. Eatough v. Board of Medical Examiners, 191 N.J. Super. 166, 175, 465 A.2d 934 (App.Div. 1983). Here, the specific violation of the O.P.M.A. was not resolved in the prior case because plaintiff raised it too late. Further, the entire controversy doctrine may not be invoked because that doctrine bars litigation of claims or issues not raised but which could have been raised in a prior case. Cogdell v. Hospital Ctr. at Orange, 116 N.J. 7, 15-17, 560 A.2d 1169 (1989); Burrell v. Quaranta, 259 N.J. Super. 243, 612 A.2d 379 (App.Div. 1992). Defendant contends that, because plaintiff failed to timely raise these issues in the prior case, he should be prevented from raising them here even with respect to the new set of facts. Clearly, however, challenge to an ordinance enacted on July 17, 1991 could not have been raised in the prior case which was heard on June 26, 1991. In short, the trial judge erred in declining to reach the merits of this issue.
We nevertheless affirm the judgment because plaintiff's claim that the enactment of the ordinance was arbitrary and capricious based on deficiencies in the minutes cannot succeed on the merits. In such circumstances, the judgment should be affirmed on appeal if it is correct, even though the trial judge gave the wrong reasons. Isko v. Planning Bd. of the Tp. of Livingston, 51 N.J. 162, 175, 238 A.2d 457 (1968).
N.J.S.A. 10:4-14 requires the public body to keep "reasonably comprehensible minutes." This does not mean word for word recitation of every event or a verbatim detailing of every public *401 comment or objection. The cases cited by plaintiff in support of a contrary view do not advance his cause. In Battaglia v. O'Brien, 59 N.J. Super. 154, 171-72, 157 A.2d 508 (App.Div. 1960), minutes of a zoning board of adjustment variance hearing were missing entirely, thus precluding any meaningful review. Similarly, in South Jersey Publishing Co., Inc. v. New Jersey Expressway Auth., 124 N.J. 478, 591 A.2d 921 (1991), no minutes were available at all because the authority acted in a private meeting. It was in this context that the Supreme Court utilized the language which plaintiff here relies on: "The minutes are intended to recite and disclose any official decision or action taken by a public body, and necessarily must contain sufficient facts and information to permit the public to understand and appraise the reasonableness of the public body's determination." Id. at 493, 591 A.2d 921.
This does not mean that the public body must reveal the reasons why it took the legislative action that it did. Township of Bernards v. State, Dept. of Community Affairs, 233 N.J. Super. 1, 28, 558 A.2d 1 (App.Div.), certif. den. 118 N.J. 194-95, 570 A.2d 959 (1989). N.J.S.A. 10:4-14 simply requires that what took place at the meeting and what final action was taken should be reflected in the minutes. Here, what actually occurred at the meeting was that plaintiff submitted a letter objection to the proposed ordinance. Despite this, the minutes reported that no objections had been filed with the clerk. The minutes should have been corrected to reflect the receipt of plaintiff's letter and we so order. Other than this, we see no reason to intervene. The minutes indicated the action contemplated; declared who was present at the meeting; recited public notice; reflected who moved and seconded the resolution to amend the 1976 salaries ordinance; stated the names of the public participants, and recounted which council members voted in favor of passage of the amendment. We are satisfied that these minutes adequately reflect what transpired at the meeting and that a citizen of Bayonne who reviewed the minutes along with the ordinance, which included a new salary schedule with retroactive effect, *402 would fully understand what had occurred. That is all that is required by N.J.S.A. 10:4-14.
Affirmed.
NOTES
[1] Prior law embodied the principle that an officer's salary should not be increased during the elected or appointed term. Meyers v. Mayor and Council of East Paterson, 37 N.J. Super. 122, 125, 117 A.2d 27 (App.Div. 1955), aff'd 21 N.J. 357, 122 A.2d 337 (1956). An attempt to circumvent the rule by retroactive enactment was not permitted. Ibid. The vestige of such a rule remained in N.J.S.A. 40:46-23. (repealed by N.J.S.A. 40A:9-175). However, it does not appear in the successor statute. N.J.S.A. 40A:9-165.