270 N.J. Super. 84 (1994)
636 A.2d 568
PAUL SHALITA, PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF WASHINGTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 3, 1994.
Decided February 1, 1994.
*86 Before Judges PETRELLA, BAIME and CONLEY.
Hartsough, Kenny, Innes & Kline, attorneys for appellant (Thomas W. Rubino, on the brief).
Respondent submitted a pro se brief.
The opinion of the court was delivered by BAIME, J.A.D.
Plaintiff Paul Shalita served a three year term as municipal court judge of defendant Township of Washington. The Township's ordinance provided a salary range for the office of municipal court judge. By resolution, the governing body directed that plaintiff receive a fixed annual salary within that range. At the expiration of his term, plaintiff demanded extra compensation for conducting special sessions. The Township refused and plaintiff brought suit. Applying quasi-contract principles, the Special Civil Part awarded plaintiff an additional $3,000 representing the reasonable value of the services performed.
We reverse. We conclude that the salary range provided in the Township's ordinance satisfied statutory standards and that the resolution fixing plaintiff's compensation was valid. We also hold that a municipal court judge may not recover remuneration for conducting special sessions in the absence of an ordinance authorizing extra compensation.
We need not recount the facts at length. On January 1, 1989, plaintiff was appointed municipal court judge for a three year term. The applicable ordinance provided a salary range between $16,500 and $27,500. Plaintiff's annual salary was set by resolution at $17,000. Although the municipal ordinance was silent on *87 the subject, plaintiff scheduled 60 regular court sessions each year. In the course of his three year term, plaintiff scheduled an additional 11 sessions in order to keep current the court calendar. At the conclusion of his term, plaintiff requested additional compensation for these special sessions. Because substitute judges were generally compensated at a rate of $300 for each session, plaintiff claimed that $3,300 represented the reasonable value of his services.
At trial, plaintiff presented evidence that his predecessor in office had been granted extra compensation for conducting special sessions. Plaintiff further testified that he had received remuneration for conducting extra sessions in the course of his two prior three year terms. He also noted that the Township had paid him $300 for one of the special sessions he conducted in his latest term of office. The Township contended that it had mistakenly made this last payment and that, whatever errors it had committed in the past, it was under no duty to continue this unlawful practice. As we noted previously, the trial court concluded that the Township had been unjustly enriched at plaintiff's expense and that retention of the benefit without payment would be inequitable. The court imposed a "constructive contract" on the parties and awarded plaintiff the reasonable value of the services performed. It is against this backdrop that we consider the arguments presented.
We first address an issue not raised by either party but crucial to our disposition of plaintiff's claim. The question presented is whether a municipality may adopt an ordinance providing general salary ranges for officers, judges and employees and by resolution fix the specific amount of compensation. N.J.S.A. 40A:9-165 provides that "[t]he governing body of a municipality[]" must "fix and determine" the "salaries, wages or compensation" of officers "by ordinance." See Liebeskind v. Mayor of Bayonne, 265 N.J. Super. 389, 396, 627 A.2d 677 (App.Div. 1993). Additionally, N.J.S.A. 2A:8-9 states that the salary of a municipal court judge "shall be fixed by ordinance adopted by the governing body *88 of the municipality" and that "[t]he compensation so paid ... shall be in lieu of any and all other fees." See Krieger v. City of Jersey City, 27 N.J. 535, 545, 143 A.2d 564 (1958). These statutes are mandatory, not permissive. Our courts have clearly held that where compensation is legislatively directed to be fixed by ordinance and no such ordinance has been passed, the officer or appointee is not entitled to be paid for the services which he rendered. See Espinos v. Township of Monroe, 81 N.J. Super. 283, 287, 195 A.2d 478 (App.Div. 1963); Sagarese v. Board of Health, 31 N.J. Super. 526, 531, 107 A.2d 351 (Law Div. 1954); McEwan v. Town of West Hoboken, 58 N.J.L. 512, 34 A. 130 (Sup.Ct. 1896). The payment of salary or agreement to pay salary when there is no enabling ordinance exceeds the jurisdiction of the governing body, and hence is void. Espinos v. Township of Monroe, 81 N.J. Super. at 287, 195 A.2d 478.
The Legislature's insistence upon the prescription of salaries of municipal employees by ordinance was designed to protect the public. It has been said that "a resolution may be introduced and passed in a few minutes, without the knowledge of any one except those present[,]" while an ordinance is a "`deliberative process requiring notice to the public[,]" a "reading at more than one meeting," and "publication in the press before final action." Nolan v. Witkowski, 56 N.J. Super. 480, 495, 153 A.2d 745 (App.Div. 1959) (quoting Handlon v. Town of Belleville, 4 N.J. 99, 108, 71 A.2d 624 (1950), aff'd, 32 N.J. 426, 161 A.2d 102 (1960)). There is thus notice to the public, "with a date fixed for the voice of the people to be heard, but time as well for the members of the governing body to reflect, deliberate and debate[] before final action." Ibid. These concerns were expressed prior to the enactment of the Open Public Meetings Act (N.J.S.A. 10:4-6 to -21) which, at least to some extent, ameliorates the danger of concealed governmental decision-making. See N.J.S.A. 10:4-8d; but see La Fronz v. Weehawken Bd. of Educ., 164 N.J. Super. 5, 7, 395 A.2d 538 (App.Div. 1978), certif. denied, 79 N.J. 491, 401 A.2d 246 (1979); Crifasi v. Governing Body of Oakland, 156 N.J. Super. 182, 186, 383 A.2d 736 (App.Div. 1978); Smith v. Ghigliotty, 219 N.J. Super. *89 231, 240, 530 A.2d 68 (Law Div.), aff'd, 219 N.J. Super. 11, 529 A.2d 1000 (App.Div. 1987); cf. Donato v. Gibson, 178 N.J. Super. 163, 169-70, 428 A.2d 536 (App.Div. 1981). Nevertheless, the formalities attendant to passage of an ordinance provide safeguards to the public that are absent in the adoption of a resolution. The statutes requiring enactment of an ordinance respecting salaries of municipal employees recognize this distinction.
Although prior decisions dealing with the subject are not entirely clear, see Giannone v. Carlin, 20 N.J. 511, 517, 120 A.2d 449 (1956); Howard v. Mayor of Paterson, 6 N.J. 373, 378, 78 A.2d 893 (1951); McKann v. Town of Irvington, 133 N.J.L. 575, 576, 45 A.2d 494 (E. & A. 1946); Grosso v. City of Paterson, 55 N.J. Super. 164, 168, 150 A.2d 94 (Law Div. 1959), we hold that an ordinance determining a salary range for a position within which compensation or wages can be more specifically set by resolution does not necessarily conflict with the mandate of either N.J.S.A. 40A:9-165 or N.J.S.A. 2A:8-9. We hasten to add, however, that the range within which the exercise of discretion is left to less formal determination may not be so great as to emasculate the ordinance of its salary-fixing force. See McKann v. Town of Irvington, 133 N.J.L. at 576, 45 A.2d 494. A salary ordinance must meet its statutory obligation of fixing salaries. Ibid.
Applying these principles, we conclude that the Township's ordinance providing a salary range between $16,500 and $27,500 for the office of municipal court judge was sufficiently restrictive as to satisfy the statutory mandate. The salutary purposes of N.J.S.A. 40A:9-165 and N.J.S.A. 2A:8-9, which compel use of an ordinance, were not defeated because the public was fairly informed of at least the approximate salary attached to the office.
The remaining question is whether the Township's resolution fixing plaintiff's salary at $17,000 precluded the Special Civil Part from imposing a quasi-contractual obligation on the municipality to augment that amount by what it found to be the reasonable value of the actual services rendered. Unlike an *90 express contract or a contract implied in fact, "a quasi-contractual obligation is created by the law, `for reasons of justice,' `without regard to expressions of assent by either words or acts.'" Borough of West Caldwell v. Borough of Caldwell, 26 N.J. 9, 28, 138 A.2d 402 (1958) (quoting 1 Corbin on Contracts § 19 (1950)). While an express contract or one implied in fact defines the obligations of the contractors in accordance with their expressions of assent, the relations of the parties in a quasi-contract are not dependent upon an actual agreement, but instead are derived from considerations of "equity and morality." Id. at 29, 138 A.2d 402. A constructive or quasi-contract is the formula by which a court enforces a duty "to prevent unjust enrichment or unconscionable benefit or advantage." Ibid. To recover on the theory of quasi-contract, the plaintiff must prove that the defendant received a benefit and that its retention without payment would be unjust. Callano v. Oakwood Park Homes Corp., 91 N.J. Super. 105, 109, 219 A.2d 332 (App.Div. 1966).
It has been said that "[q]uasi-contract liability [should] not be imposed ... if an express contract exists concerning the identical subject matter." Suburban Transfer Serv. v. Beech Holdings, Inc., 716 F.2d 220, 226-27 (3d Cir.1983); see also C.B. Snyder Realty Co. v. National Newark & Essex Banking Co., 14 N.J. 146, 162-63, 101 A.2d 544 (1953); Moser v. Milner Hotels, Inc., 6 N.J. 278, 280-81, 78 A.2d 393 (1951). No doubt, there are exceptions to this rule. Because a quasi-contract rests on the equitable principle that a person should not be allowed to enrich himself unjustly at the expense of another, it is sometimes imposed "even against a clear expression of dissent." St. Paul Fire & Marine Ins. Co. v. Indemnity Ins. Co. of North America, 32 N.J. 17, 22, 158 A.2d 825 (1960); Power-Matics, Inc. v. Ligotti, 79 N.J. Super. 294, 305-06, 191 A.2d 483 (App.Div. 1963); Deskovick v. Porzio, 78 N.J. Super. 82, 87-88, 187 A.2d 610 (App.Div. 1963); 1 Corbin on Contracts § 19; 1 Williston on Contracts § 3A (3d ed. 1957). However, generally, the parties are bound by their agreement, and there is no ground for imposing an additional obligation *91 where there is a valid unrescinded contract that governs their rights. Suburban Transfer Serv. v. Beech Holdings, Inc., 716 F.2d at 227.
Within this analytical framework, we find no basis for imposition of quasi-contractual liability. It is basic that "one accepting a public office or position is presumed to do so with full knowledge of the law as to salary, compensation and fees." Espinos v. Township of Monroe, 81 N.J. Super. at 288, 195 A.2d 478. It is equally well settled that "all limitations prescribed must be strictly observed." Ibid. There is no such relation between a municipality and its officers that obliges it to make compensation to them for their official services unless provision is specifically provided by ordinance or, as here, by a combination of ordinance and resolution. Sagarese v. Board of Health, 31 N.J. Super. at 530-31, 107 A.2d 351. We are thus persuaded that the Special Civil Part erred by varying the Township's obligation from the amount set forth in the salary resolution.
Additional facts support the conclusion we have reached. We note that plaintiff did not request extra compensation for special sessions until expiration of his term in office. It appears that no specific monies were appropriated in the Township's annual budget earmarked for funding the municipal court's special sessions. Plaintiff admitted at trial that he did not submit timely bills for special sessions because he wished to use the amounts allegedly owed as potential "bargaining chips" for reappointment. Further, the record discloses that, by reason of a conflict, plaintiff missed at least 11 regular sessions, necessitating the substitution of a neighboring municipal court judge. Most importantly, the ordinance setting the salary range did not authorize the payment of compensation based upon the number of sessions conducted. Nor did it contain any reference to special sessions. Weighing these facts and circumstances, we are satisfied that the Township was not unjustly enriched and was not obliged to provide extra compensation.
Reversed.