NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3057-15T2

BERNARD SHALKOWSKI,

 Petitioner-Appellant,

v.

STATE POLICE RETIREMENT
SYSTEM,

 Respondent-Respondent.
_______________________________

 Argued June 1, 2017 - Decided June 30, 2017

 Before Judges Whipple and Mawla.

 On appeal from the Board of Trustees, State
 Police Retirement System, PFRS No. 8-10-3975.

 Lauren Sandy argued the cause for appellant
 (Loccke, Correia & Bukosky, attorneys; Ms.
 Sandy, of counsel and on the briefs).

 Robert E. Kelly, Deputy Attorney General,
 argued the cause for respondent (Christopher
 S. Porrino, Attorney General, attorney;
 Melissa H. Raksa, Assistant Attorney General,
 of counsel; Mr. Kelly, on the brief).

PER CURIAM

 Appellant Bernard Shalkowski appeals from a March 23, 2016

determination by the Board of Trustees of the State Police
Retirement System (Board) affirming a January 8, 2016 decision by

the Office of Administrative Law (OAL) finding he was not entitled

to an additional three percent of final compensation on his

pension. Having considered appellant's claims, we affirm the

Board's decision.

 The following facts are taken from the record. Appellant,

born June 12, 1956, joined the New Jersey State Police on January

15, 1987. He served for twenty-four years and six months before

mandatorily retiring at the age of fifty-five. Upon retirement,

appellant made a written request for an administrative review and

final determination of his final pension compensation. Appellant

sought the request because he was "under the mistaken impression

that he would receive a pension of fifty percent compensation plus

three percent for each year over twenty, up to twenty-four years,

eleven months service credit." The Division of Pension and

Benefits (Division) informed appellant he was not entitled to

receive the additional three percent upon retirement because he

was not a member of the State Police Retirement System (SPRS) as

of August 29, 1985, the date on which the Legislature conferred

the additional retirement benefit pursuant to N.J.S.A. 53:5A-8.

 Appellant sought review of the Division's determination and

argued the Board was equitably estopped from applying the statute

to him because during his recruitment, training and employment

 2 A-3057-15-T2
with the State Police he had reasonably relied upon representations

contained in correspondence, handbooks and newsletters issued by

SPRS promising he (and others similarly situated) would receive

the additional three percent benefit. Appellant also claimed he

turned down more lucrative employment with municipal law

enforcement agencies in detrimental reliance upon the

representations contained in State Police literature.

 As noted above, both the OAL and the Board agreed with the

Division's application of the statute. The Board adopted the

OAL's findings and concluded the plain language of N.J.S.A. 53:5A-

8 made clear it did not apply to appellant. It also accepted the

OAL's findings appellant did not prove the elements of equitable

estoppel and did not establish the decision was arbitrary,

capricious, or unreasonable. The Board also found persuasive the

reasoning of a Law Division decision dismissing a separate class

action age discrimination lawsuit filed by appellant, and thus

denied appellant's claim.

 Appellant now appeals the Board's determination asserting the

same arguments, namely, the Board improperly denied his equitable

estoppel claims and its decision was arbitrary, capricious and

unreasonable. For the following reasons, we affirm.

 Our scope of review in the case of an administrative agency’s

final decision is limited. In re Hermann, 192 N.J. 19, 27 (2007).

 3 A-3057-15-T2
"An agency’s determination on the merits 'will be sustained unless

there is a clear showing that it is arbitrary, capricious, or

unreasonable, or that it lacks fair support in the record.'"

Saccone v. Bd. of Trs. of Police & Firemen's Ret. Sys., 219 N.J.

369, 380 (2014) (quoting Russo v. Bd. of Trs., Police & Firemen’s

Ret. Sys., 206 N.J. 14, 27 (2011)). To determine whether agency

actions are arbitrary, capricious, or unreasonable, we must

consider:

 (1) whether the agency's action violates
 express or implied legislative policies, that
 is, did the agency follow the law; (2) whether
 the record contains substantial evidence to
 support the findings on which the agency based
 its action; and (3) whether in applying the
 legislative policies to the facts, the agency
 clearly erred in reaching a conclusion that
 could not reasonably have been made on a
 showing of the relevant factors.

 [In re Stallworth, 208 N.J. 182, 194 (2011)
 (quoting In re Carter, 191 N.J. 474, 482-83
 (2007)).]

However, we are not bound by an agency’s determination of purely

legal issues. Pinelands Pres. All. v. State, Dept. of Env't Prot.,

436 N.J. Super. 510, 524 (App. Div.) certif. denied, 220 N.J. 40

(2014).

 The statute at issue here states:

 Any member of the retirement system may retire
 on a service retirement allowance upon the
 completion of at least 20 years of creditable
 service as a State policeman, which includes

 4 A-3057-15-T2
 the creditable service of those members
 appointed to the Division of State Police
 under section 3 of P.L. 1983, c. 403 (C. 39:2-
 9.3) and the creditable service of those
 members appointed to the Division of State
 Police under section 1 of P.L. 1997, c. 19 (C.
 53:1-8.2). Upon the filing of a written and
 duly executed application with the retirement
 system, setting forth at what time, not less
 than one month subsequent to the filing
 thereof, he desires to be retired, any such
 member retiring for service shall receive a
 service retirement allowance which shall
 consist of:

 (1) An annuity which shall be the
 actuarial equivalent of his
 aggregate contributions; and

 (2) A pension in the amount which,
 when added to the member’s annuity,
 will provide a total retirement
 allowance of 50% of his final
 compensation.

 [N.J.S.A. 53:5A-8(b).]

 Also, N.J.S.A. 53:5A-8(f) states:

 Any member of the retirement system as of the
 effective date of P.L. 1985, c. 175 who is
 required to retire pursuant to subsection c.
 of this section and who has more than 20 but
 less than 25 years of creditable service at
 the time of retirement shall be entitled to
 the retirement allowance provided for by
 subsection b. of this section plus 3% of his
 final compensation multiplied by the number
 of years of creditable service over 20 but not
 over 25.

 The three percent benefit was increased from two percent in

1993. Ibid. The statute provides those enrolled in the SPRS on

 5 A-3057-15-T2
or before the enactment of the statute in 1985 are entitled to a

three percent annual benefit after twenty years of service.

N.J.S.A. 53:5A-8(f).

 Neither party disputes the meaning of the statute, only

whether it applies to appellant. He argues equitable estoppel

applies and he should receive the benefit of the statute's three

percent increase to his pension because he reasonably relied upon

written representations he would receive the additional sums to

his detriment.

 "Equitable estoppel is rarely invoked against a governmental

entity, . . . particularly when estoppel would 'interfere with

essential governmental functions.'" In re Johnson, 215 N.J. 366,

378 (citation omitted) (quoting Vogt v. Borough of Belmar, 14 N.J.

195, 205 (1954)). "Nonetheless, equitable considerations are

relevant to assessing governmental conduct, . . . and may be

invoked to prevent manifest injustice[.]" Id. at 379 (citation

omitted).

 "The essential elements of equitable estoppel are a knowing

and intentional misrepresentation by the party sought to be

estopped under circumstances in which the misrepresentation would

probably induce reliance, and reliance by the party seeking

estoppel to his or her detriment." Ibid. (citing Horsemen's

 6 A-3057-15-T2
Benevolent & Protective Ass'n v. Atlantic City Racing Ass'n, 98

N.J. 445 (1985).

 In this matter, we lack a basis to second guess the Board and

the OAL's reasoning. As noted by the Board, no evidence was

presented demonstrating SPRS knowingly or intentionally

misrepresented the retirement benefits to appellant. As the Board

noted, the errors contained in the handbooks and literature

appellant received do not prove these representations were made

with the requisite knowledge or intent necessary to invoke

equitable estoppel. The record, particularly the testimony of

Division personnel, establishes the errors, while overt, were just

errors, not a willful misrepresentation. Moreover, as the Board

noted, it was not reasonable for appellant to rely upon the

mistaken representations contained in the pension literature where

he had ready access to the clearly worded statute at all times.

 Appellant likens this matter to Vogt and Middletown

Policeman's Benevolent Association Local No. 124 v. Township of

Middletown, 162 N.J. 361 (2000). However, these cases are

dissimilar to the facts presented here.

 In Vogt, supra, 14 N.J. at 197, 203-04, the Supreme Court

applied the doctrine of estoppel to a municipality, which sought

to deny workers' compensation to a junior firefighter who had been

injured returning from a fire call. The municipality claimed it

 7 A-3057-15-T2
did not have to pay workers' compensation because the firefighter

was a minor (seventeen years old) and by ordinance only

firefighters twenty-one years or older were considered active

firefighters entitled to the workers' compensation benefit. Id.

at 202. The Vogt Court found estoppel applied because the

municipality had routinely waived the limitation of the ordinance

to only active firefighters and applied it to junior members. Id.

at 204. Here, there was no evidence the SPRS had actually waived

the applicability of N.J.S.A. 53:5A-8(f) by applying it to members

hired after August 29, 1985.

 Middletown Policemen's Benevolent Association Local No. 124

is also distinguishable. There, the Supreme Court applied

equitable estoppel where a municipality not only made

representations to an employee offering him post-retirement

medical benefits thereby inducing him to retire, but also had

granted the benefits to the employee for a decade after retirement

before suddenly terminating them. Middletown Policemen's

Benevolent Association Local No. 124, supra, 162 N.J. at 372. As

a result, the Court stated:

 When weighing "the reliance factor," we find
 that equitable considerations prohibit the
 Township from terminating [the former
 employee's] post-retirement health benefits.
 But for the Township's representations to [the
 employee] that his health benefits would be
 continued after retirement, [he] could have

 8 A-3057-15-T2
 waited and retired two and a half years later
 to guarantee those benefits.

 [Ibid.]

 Here, SPRS extended no benefits to appellant under N.J.S.A.

53:5A-8(f) and did not pay him the additional three percent of his

pension. As we discuss below, appellant did not meet his burden

of proof to establish detrimental reliance as well.

 Appellant expresses disagreement with the Board's conclusion

he did not prove detrimental reliance. He argues he remained

employed as a trooper for an "extra 4 years and 4 months" longer

than necessary, believing it would secure him the additional three

percent pension benefit. He asserts the loss of the three percent

equates to a loss of $16,000 per year in pension receipts. He

also asserts he declined other offers of employment with municipal

law enforcement agencies, which would have allowed him to remain

employed longer and provided pensions payable at a rate of sixty-

five and seventy percent of salary.

 These arguments were presented to the OAL, which considered

and rejected them, and the Board by adopting the OAL's findings

similarly found them unpersuasive. The OAL stated:

 I cannot conclude that the petitioner turned
 down other job offers based upon his belief
 that he would receive a 63% pension at the age
 of 55. The petitioner himself noted that he
 had always wanted to be a trooper, to be one
 of the best in the country. He knew that he

 9 A-3057-15-T2
 would also be eligible to retire at the age
 of 55, and would not have had to work until
 he was 65.

 On appeal, appellant repeats the claims already considered

and rejected by two tribunals. We find no basis to overturn the

Board's findings, especially in light of the deference we accord

to the Board's findings of fact.

 Lastly, appellant asserts the Board's determination was

arbitrary, capricious and unreasonable because it referenced a

trial judge's findings relating to collateral estoppel in

appellant's class action litigation in the Law Division, whereas

the State had agreed the issue would be adjudicated before the

OAL. Appellant also faults the Board's findings as unsupported

by substantial evidence because: it concluded the handbooks were

only accurate for troopers near retirement and thus not intended

for all troopers, the Board found a lack of evidence of detrimental

reliance where in fact there was such evidence, and it adopted the

OAL's findings appellant relied on third parties for information

regarding the pension benefits when in fact the information came

from SPRS.

 Appellant's claim the Board improperly engrafted the Law

Division findings from the class action suit onto its findings

here is unavailing. The Board's determination states:

 10 A-3057-15-T2
In dismissing that claim on the merits, Judge
Andrew Smithson notes:

Appellants maintain that, despite the
statutory codification in the Pension Act to
the contrary, appellants detrimentally relied
on a newsletter from 1999 and two handbooks
granting entitlement benefits to a pension
benefit.

This position is unsupportable. "The terms
and conditions of public service in office or
employment rest in legislative policy rather
than contractual obligation." Spina v.
Consolidated Police & Fireman's Pension Fund
Commission, 41 N.J. 391, 400 (1964)[.]
Defendants maintain that officers were fully
informed of the statutory pension provisions
that showed they were not eligible for the
pension benefit in question.

The aforementioned not to the contrary, "It
is a well settled and fundamental principle
that ignorance of the law excuses no man." In
re Wittreich, 5 N.J. 79, 87 (1950). Parties
dealing with the state are bound by statutory
language (even if they have received incorrect
information and rely on it, to their
detriment). Mitchell v. Harris 496 F. Supp.
230, 232 (D.N.J. 1980). Specifically on
point, New Jersey courts have held that "one
accepting a public office or position is
presumed to do so with full knowledge of the
law as to salary, compensation and fees . . .
all limitations prescribed must be strictly
observed. Shalita v. Township of Washington,
270 N.J. Super. 84, 91 (App. Div. 1994). "The
statute trumps whatever implied contract may
have existed between the parties." Golden v.
Union, 163 N.J. 420, 431 (2000).

Pursuant to Spina and as appellants'
employment rights are controlled by statute,
appellants cannot maintain a supportable
contract claim against the state.

 11 A-3057-15-T2
 The Board's reliance on the Law Division judge's findings

were merely noted as persuasive. They were not, as appellant

implies, res judicata of appellant's claims, which were considered

in full. Notwithstanding, the law relied upon by the Law Division

judge is compelling. He cited Golden v. County of Union, 163 N.J.

420 (2000), which is applicable here. In Golden, the Supreme

Court held an employee handbook requiring a disciplinary hearing

did not supersede a prosecutor's statutory at will right to retain

or terminate assistant prosecutors serving at the prosecutor's

pleasure. Id. at 433-35. Thus, appellant's claim the handbook

created rights superior to the plain language of the statutes

governing his pension is squarely rebutted by law the Board found

persuasive. Finally, the holding in Golden demonstrates even if

the Board incorrectly found the handbooks were only accurate for

troopers near retirement and there was error in finding appellant

relied on third parties for information regarding the pension

benefits, it would not affect the outcome.

 Affirmed.

 12 A-3057-15-T2