**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5001-16T2

JOHN PAFF,

    Plaintiff-Appellant,

v.

TOWNSHIP OF MOORESTOWN and
PATRICIA L. HUNT in her
capacity as Records Custodian
for the Township of
Moorestown,

    Defendants-Respondents.

_____

Argued June 6, 2018 — Decided July 11, 2018

Before Judges Currier and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-0340-16.

Michael J. Zoller argued the cause for appellant (Pashman Stein Walder Hayden, PC, attorneys; CJ Griffin, of counsel and on the briefs; Michael J. Zoller, on the briefs).

Kelly A. Grant argued the cause for respondents (Capehart Scatchard, PA, attorneys; Anthony T. Drollas, Jr., of counsel and on the brief; Kelly A. Grant, on the brief).

PER CURIAM

Plaintiff John Paff appeals from the June 13, 2017 order dismissing his claim under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13. Pursuant to our recent determination in Libertarians for Transparent Gov't v. Gov't Records Council, 453 N.J. Super. 83, 92 (App. Div.), certif. denied, ___ N.J. ___ (2018), holding draft meeting minutes are not subject to disclosure under OPRA, we affirm.

In December 2015, plaintiff filed an OPRA request with defendant Township of Moorestown for the minutes, agenda, and notices regarding the Ethical Standards Board meeting of October 2012. In response, defendant Patricia Hunt, the Township's records custodian, provided the Board's meeting notice and agenda but advised that minutes from the October 2012 meeting were not yet approved and, therefore, would not be released.

Plaintiff filed a complaint and order to show cause, alleging defendants violated OPRA, the Open Public Meetings Act (OPMA), N.J.S.A. 10:4-1 to -21, and the common law right to access public records. The Board convened to approve the meeting minutes in March 2016 and provided them to plaintiff after receiving the complaint.

After considering the parties' oral arguments, the trial judge issued a comprehensive twenty-five page written decision on

May 26, 2017. He determined the unapproved, draft meeting minutes did not constitute "government records" under OPRA and, therefore, were not subject to disclosure. However, the judge did find defendants violated OPMA by failing to make the meeting minutes "promptly available." He directed defendants to approve all future meeting minutes either at their annual reorganizational meeting or within thirty days of an OPRA request. The judge declined to award counsel fees, stating "[b]ecause injunctive relief is the appropriate remedy and OPMA contains no provision concerning counsel fees, the Court finds no basis to award Plaintiff fees."

On appeal, plaintiff argues unapproved meeting minutes are government records subject to OPRA and, therefore, the trial court erred in not requiring their disclosure. We review a trial court's denial or approval of a request for access to public records under OPRA de novo. Drinker Biddle & Reath LLP v. N.J. Dept. of Law & Pub. Safety, 421 N.J. Super. 489, 497 (App. Div. 2011).

OPRA was created to promote government transparency and public knowledge of public affairs by requiring public entities to make government records available to the public. N.J.S.A. 47:1A-1; see also O'Boyle v. Borough of Longport, 218 N.J. 168, 183-84 (2014). Under the statute, all government records are subject to disclosure unless they meet one of the defined

A-5001-16T2

exemptions.  N.J.S.A. 47:1A-1; <u>see also</u> <u>Brennan v. Bergen Cty.</u> <u>Prosecutor's Office</u>, ___ N.J. ___, (2018) (slip op. at 8).

We recently considered the issue of whether draft or unapproved meeting minutes are subject to disclosure under OPRA or considered "advisory, consultative, or deliberative" material exempted from the definition of a government record.  N.J.S.A. 47:1A-1.1.  In <u>Libertarians</u>, we stated "the inherent nature of a draft document as both advisory and requiring deliberation prior to approval, compels the conclusion that draft minutes are 'advisory, consultative, deliberative material,' and are not subject to disclosure under OPRA as a government record."  453 N.J. Super. at 92 (citing N.J.S.A. 47:1A-1.1).

Here, the draft minutes requested by plaintiff were not subject to OPRA, and, therefore, defendants' non-production of those records was not a violation of that statute.  However, as the trial judge determined, the failure to make those minutes "promptly available" was a violation of OPMA.

Under OPMA, minutes from public meetings must be "promptly available." N.J.S.A. 10:4-14. We previously have interpreted this language as requiring government bodies to make the minutes from a public meeting available prior to the next scheduled public meeting.  <u>See</u> <u>Liebeskind v. Mayor & Mun. Council of Bayonne</u>, 265 N.J. Super. 389, 394-95 (App. Div. 1993).  The release of minutes

more than three years after the meeting is unreasonable regardless of the function of the particular Board. See Kean Fed'n of Teachers v. Morell, 448 N.J. Super. 520, 531 (App. Div. 2017), rev'd in part and aff'd as modified in part, ___ N.J. ___ (2018) (cautioning "[r]easonableness must remain the touchstone when assessing the promptness of a public entity's actions [under OPMA]"). However, the violation of OPMA does not trigger a statutory award of counsel fees.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION